### James M. Shute & wife *vs.* City of Boston.

In that clause of the Gen. Sts. *c.* 43, § 79, which gives to any person aggrieved by doings of the board of aldermen of the city of Boston in relation to laying out a way the right if his application is merely for assessment of damages, to apply for a jury within one year after the final determination of any suit wherein the legal effect of their doings is drawn in question, the words "any suit" embrace only suits to which the applicant is a party and so bound by the judgment, or the judgment in which is binding on all persons, like a judgment *in rem.*,

Petition for the assessment by a jury of the damages sustained by the petitioners by the taking of their real estate by the city of Boston under the St. of 1865, *c.* 159, to lay out a street between Milk Street and Broad Street in that city. In the superior court, *Vose,* J., ordered the petition to be dismissed on the ground that it was not filed seasonably; and the petitioners alleged exceptions. The facts appear in the opinion.

*B. F. Brooks & J. D. Ball,* for the petitioners.

*J. P. Healy,* for the respondents.

Colt, J. The mayor and aldermen of the city of Boston, acting under the special act authorizing the laying out of a street between Milk and Broad Streets in that city, St. 1865, *c.* 159, proceeded in September 1865 to lay out the same, taking as embraced within the location the lands of the petitioners and others, including the land of Edward Dorgan. The damages sustained by the plaintiffs were estimated by the mayor and aldermen in October following, and this petition was entered at the July term of the superior court in 1867, alleging that the plaintiffs are aggrieved by the said estimate and asking that the same may be assessed by a jury.

The act of 1865 gives to any party aggrieved by the doings of the mayor and aldermen under it the like remedy by petition for a jury, and with the same limitations as to the time of bringing such petition as in other cases of widening and altering streets in the city of Boston, and provides that the damages for such taking shall be assessed by a jury in the same manner as damages for the taking of land for highways. By the Gen. Sts. *c.* 43, § 79, the party aggrieved in such cases may apply for a

jury to the superior court within one year after the passage of the order upon which the application is founded ; or, if the application be for the assessment of damages or indemnity merely, " within one year after the final determination of any suit wherein the legal effect of the proceedings of the board of aldermen is drawn in question."

The respondents object that the petition in this case is not seasonably filed ; and the petitioners, relying upon the latter provision of the statute, produce the record of a suit in equity commenced by said Dorgan October 21, 1865, in which he alleges the unconstitutionality of the act and the illegality of the proceedings of the city under it, which was brought to a hearing in this court and ended September 1, 1866, by a decree dismissing the bill. *Dorgan* v. *Boston,* 12 Allen, 223. The question therefore is, whether the suit of Dorgan is such a suit as is intended to be and is described in the statute by the words " any suit." Taking all the provisions of the statute into consideration, and giving reasonable effect to its words, we are of opinion that it is not, and that the plaintiffs cannot avail themselves of the proceedings in Dorgan's suit to extend the first limitation of one year.

The construction for which the plaintiffs contend would make the statute mean that any action, whenever and by whomsoever brought, or however incidentally the legal effect of the proceedings of the city might be drawn in question therein, should be effectual to extend and even renew the right of the plaintiffs to demand an assessment of damages by the jury. Thus, an action of trespass to person or property, brought by any landowner disturbed by the location, or a suit in favor of a traveller against the city for an injury sustained in passing upon the new street, or even a suit in which neither the plaintiffs nor the city were parties, in all of which the legality of the location of the street might be drawn in question, could, if such legality of location was passed upon, be set up in all cases to justify delay beyond the stipulated one year in petitioning for a jury.

The words " any suit" are not to have such a broad meaning. On the contrary, they must be held to embrace only suits

wherein the party making application for a jury is a party and bound by the judgment, or proceedings like the writ of *certiorari*, where a judgment establishing or avoiding the act of the city in taking the land for the way is, like a judgment *in rem*, binding upon all persons. The suit of Dorgan, it is true, was a suit in equity in which, if the decision of the court had been in his favor, declaring the act unconstitutional, the result would have operated to render the plaintiffs' application unnecessary; but the plaintiffs were not parties to that suit, and the judgment is not, strictly speaking, binding on them. The prayer of the bill in that case was, that the city should be restrained from appropriating Dorgan's lands, not the lands of others. He was acting solely for the protection of his own property, and there was no privity between him and the plaintiffs here. If the judgment establishing the constitutionality of the act is in one sense binding on all parties afterwards calling it in question in our courts, it is not so binding in the sense in which a judgment is conclusive upon the parties to it, or, if a judgment *in rem*, upon all persons. It was equally open to all parties interested to commence the same suit brought by Dorgan, or to join him in it. The plaintiffs, by awaiting the decision in that case and taking the risk, have now lost the right to appeal to a jury from the estimate of damages made by the board of aldermen.

*Exceptions overruled.*