## SAMUEL BIGELOW *vs.* UNION FREIGHT RAILROAD COMPANY & another.

Suffolk.    Jan. 23. — Sept. 5, 1884.    FIELD, J., did not sit.    DEVENS & C. ALLEN, JJ., absent.

An act incorporating a railroad company repealed the charter of an existing railroad company, and authorized the new one to take the tracks of the old, and made provision for the payment of compensation therefor. The tracks were taken, and a petition for damages was duly filed. Pending this petition, the three years allowed by the Gen. Sts. c. 68, § 36, for a corporation whose charter is annulled to close its business, expired; and, no receiver having been appointed under § 37, the petition was dismissed. Before the expiration of the time allowed for filing a petition for damages, a stockholder of the old company brought a bill in equity to restrain the new one from doing business. After the dismissal of the petition for damages, but within a year after the bill in equity was decided, a creditor of the old company brought a bill in equity against the new one for the appointment of a receiver to prosecute the claim for damages by reason of the taking of the tracks. *Held*, that the bill could not be maintained; and that the Gen. Sts. c. 63, § 30, did not apply.

W. Allen, J. This is a bill in equity, filed May 4, 1882, and comes before us on demurrer. The bill alleges that the plaintiff is a creditor of the Marginal Freight Railway Company, a corporation formerly existing under the laws of this Commonwealth, which was dissolved in the year 1872, and of whose effects no receiver has been appointed; that the only assets and property of said company consist of a claim against the defendant, the Union Freight Railroad Company. The prayer of the bill is that a receiver for the former company may be appointed, or that the payment of the claim in some manner be enforced, for the benefit of the plaintiff and all other creditors of the corporation.

The St. of 1872, *c.* 342, by which the Union Freight Railroad Company was incorporated, also expressly repealed the charter of the Marginal Freight Railway Company. By this repeal, all the franchises, rights, and property of the corporation became extinct, except so far as they were kept alive by the general statutory provisions that corporations whose charters are annulled shall be continued bodies corporate for the term of three years for the purpose of prosecuting and defending suits, of settling up their affairs, disposing of their property, and dividing their capital stock, but not for continuing the business for which they were established. Gen. Sts. *c.* 68, § 36. Section 37 provided for the appointment of a receiver at any time within the three years, whose powers should continue as long as the court should deem necessary; and § 38 gave the court general equity jurisdiction of all questions arising in such proceedings.

The time for which the life of the Marginal Freight Railway Company, for any purpose, was extended by the statute, and within which the court was authorized to appoint a receiver, has long since elapsed; and the plaintiff does not ask the court to exercise a jurisdiction derived from, or depending upon, the statute, but invokes a jurisdiction outside of and beyond the statute to enforce upon the property left by an extinct corporation a trust in favor of its creditors, and asks for its exercise upon the ground that the statutory provisions have been exhausted, without reaching property which still remains impressed with the trust. We do not find it necessary to consider the extent of that jurisdiction, nor whether the statute wholly excludes it,

because we think that the allegations of the bill do not show that there is any property with reference to which the court can act; and the existence of such property is a condition to the exercise of the jurisdiction.

The statute before referred to (St. 1872, c. 342, § 6) provided that the Union Freight Railroad Company should, within four months of the passage of the act, "take the tracks, or any part of them, of the Marginal Freight Railway Company, subject to the laws relating to the taking of land by railroad companies, and the compensation to be made therefor." The bill alleges that the Union Freight Railroad Company took the tracks of the Marginal Freight Railway Company under the statute, and became liable to pay compensation therefor; and that liability is what the plaintiff seeks to enforce, and the bill alleges that it is the only assets of the Marginal Freight Railway Company. If there is no liability which can be enforced, there is no property or assets of the Marginal Freight Railway Company upon which the court can act.

The Union Freight Railroad Company is not liable to an action for taking the property. It was rightfully taken, and under no contract for payment. It was taken by the authority of the State, by the right of eminent domain, under particular provisions for compensation. The mode of ascertaining whether any damages were occasioned by the taking, and the amount of them, the right to recover, and the liability to pay them, were all prescribed by the Legislature. A sufficient provision for that was necessary to render the taking lawful under the Constitution, and, a sufficient provision having been made, all other remedy and all other liability are excluded. *Stevens* v. *Middlesex Canal*, 12 Mass. 466. *Dodge* v. *County Commissioners*, 3 Met. 380. *Tower* v. *Boston*, 10 Cush. 235. *Boston & Lowell Railroad* v. *Salem & Lowell Railroad*, 2 Gray, 1. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50.

It is plain that neither the fact that damages were occasioned by the taking, nor the amount of them, can be determined in this suit. But the plaintiff contends that a receiver can be appointed, who will have authority to carry on proceedings for damages under the statute. The statute authorized either party to apply, within three years from the taking, to the board of

aldermen of the city of Boston to have the damages assessed, and gave to either a right to apply for a jury at the next term of the Superior Court after the assessment. Gen. Sts. c. 63, §§ 21, 22, 29, 30, 36, 37.

The Union Freight Railroad Company duly made application to the board of aldermen, and the damages were assessed by them at a nominal sum, and the Marginal Freight Railway Company in March, 1873, made application for a jury, of which due notice was given, and the application was pending in court until April 18, 1882, when, in consequence of the lapse of more than three years from the repeal of the charter of the Marginal Freight Railway Company, and the fact that no receiver for the company had been appointed, it was, on the motion of the Union Freight Railroad Company, dismissed. It seems very clear from this recital, that there are no proceedings pending in which a receiver can intervene, and that he cannot institute new proceedings. There is no liability of the Union Freight Railroad Company except under the statute, and proceedings have been duly commenced under the statute and pursued to final judgment. Even if that judgment is not conclusive, the time in which proceedings can be commenced has long since expired. The board of aldermen cannot now entertain an application for an assessment, and there is no authority to order a hearing by a jury. *Charles River Railroad* v. *County Commissioners*, 7 Gray, 389. *Custy* v. *Lowell*, 117 Mass. 78. *Cambridge* v. *County Commissioners*, 117 Mass. 79.

It is argued that the time for making application for the assessment of damages is extended by the effect of the Gen. Sts. c. 63, § 30, (Pub. Sts. c. 112, § 111,) which provide that, " where suits are pending or are hereafter brought in which the right of such corporation to lay out and construct its road on any particular location is drawn in question, the time for applications . . . . may be made at any time within one year after the final determination of such suits upon the merits."

The bill alleges that a stockholder of the Marginal Freight Railway Company, in behalf of all the stockholders, filed a bill in equity in the United States court, in September, 1872, for an injunction against the Union Freight Railroad Company for acting under the St. of 1872, c. 342, on the ground that the statute

was unconstitutional and void; and that that suit was finally determined on April 1, 1882, about a month before the bill in this suit was filed. See *Greenwood* v. *Freight Co.* 105 U. S. 13. One answer to this contention is, that the statute does not apply where proceedings have actually been commenced, as in this case. Another answer is, that the year for which the time for making application is extended has now expired; and still another is, that the suit set out in the bill is not such a suit as is intended by the statute. The provision of the Gen. Sts. c. 43, § 79, in regard to applications for a jury for the assessment of damages for land taken for highways is, that it may be "within one year after the final determination of any suit wherein the legal effect of the proceedings of the board of aldermen is drawn in question;" and it was held in *Shute* v. *Boston*, 99 Mass. 236, that the words "any suit" embraced "only suits wherein the party making application for a jury is a party and bound by the judgment, or proceedings like the writ of *certiorari*, where a judgment establishing or avoiding the act of the city in taking the land for the way is, like a judgment *in rem*, binding upon all persons." The suit in that case was a bill in equity by one whose land was taken, alleging that the statute under which it was taken was unconstitutional. The petitioner was not a party to it, and it was held that the time for filing his application was not extended by it. We cannot distinguish that case from the case at bar.

As there is no liability of the Union Freight Railroad Company except for damages ascertained according to the statute, and as the bill shows that no damages have been or can be established under the statute, it fails to show any assets or property of the Marginal Freight Railway Company in respect to which a decree can be made. For this reason, without considering the other questions presented by the demurrer, and elaborately argued by counsel, the demurrer must be sustained.

*Bill dismissed.*

*W. G. Russell & G. Putnam*, for the first-named defendant.
*E. L. Buffinton*, for the other defendant.
*R. M. Morse, Jr. & H. L. Harding*, for the plaintiff.