OLD COLONY RAILROAD COMPANY *vs.* FRAMINGHAM WATER COMPANY.

Suffolk.   March 25, 1891. — May 19, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Eminent Domain — Taking Land already devoted to Public Use — Compensation.*

The Legislature may take, or authorize a corporation to take, land for a public use, which has previously been appropriated by legislative authority to a different public use.

The St. of 1884, c. 271, § 2, authorized the Framingham Water Company to take for a pumping station and filtering gallery land on the border of Farm Pond, which had already been properly procured by a railroad corporation for railroad purposes, and also to take a right of way over the railroad location for the purpose of gaining access to such land.

The St. of 1884, c. 271, empowering a town water company to take land, and providing in § 3 that the damages therefor may be assessed as in the case of the laying out of highways, and in § 11 that the company may be required to give security for such damages "satisfactory to the selectmen of said town," failing which its rights shall be suspended except for making surveys, makes adequate provision for compensation for the land taken.

BILL IN EQUITY, praying that the defendant be enjoined from making use of certain lands and rights of way, adjacent to Farm Pond in Framingham, which the plaintiff claimed to own and hold

under its franchise for railroad purposes, and which were claimed by the defendant under a taking by virtue of its act of incorporation. The case was heard before *Field*, C. J., who reported it for the consideration of the full court, in substance as follows.

The defendant corporation was created by the St. of 1884, c. 271, and in pursuance thereof acquired the right to take and hold the waters of Farm Pond for the purpose of supplying the town of Framingham and its inhabitants with water. When the defendant was incorporated, all the shore of the pond had been taken by the city of Boston to supply the inhabitants of Boston with water, and by the Boston and Albany Railroad Company and by the plaintiff for railroad purposes, except a small piece which had been acquired by the Boston and Albany Railroad Company by purchase, and was not suitable for the defendant's purposes. In the spring of 1885, the defendant began the erection on the shore of the pond, on the plaintiff's land, of a pumping station and filtering gallery, which were substantially completed in the latter part of June. This land was not at this time in actual use by the plaintiff, but was held by it for the accommodation of its business, which was rapidly growing at that point.

Evidence was offered tending to show a contract between the plaintiff and the defendant, made before the work was begun, by the terms of which the defendant was to furnish the plaintiff with a certain amount of water free of charge in return for the use of the land; but the court found that no such contract was made. On June 30, 1885, the defendant company, by virtue of its act of incorporation, filed in the registry of deeds a taking of the waters of Farm Pond; and on August 14, 1885, it also filed a taking covering the land upon which it had then constructed its pumping station and filtering gallery, and also covering a strip of land across the railroad location upon which the main tracks of the plaintiff were then and have since been operated. The place selected by the defendant for its pumping station was the most reasonably fit, suitable, and proper place for it, although the defendant company could have exercised its franchise by locating elsewhere at a somewhat greater expense. This land had been properly acquired by the plaintiff for railroad purposes; and was convenient and suitable for such purposes,

but was not indispensably necessary for the purposes of the railroad company.

*J. H. Benton, Jr.*, for the plaintiff.

*J. G. Abbott & S. A. Phillips*, for the defendant.

KNOWLTON, J.  We will assume in favor of the plaintiff, without deciding, that the land taken by the defendant had been appropriated by the plaintiff to a public use, and that the plaintiff's right to it was in all respects as beneficial in reference to a subsequent exercise by the Legislature of the right of eminent domain over it as if it had originally been taken by the railroad company under authority of the statute.  There can be no doubt that the Legislature may take, or authorize a corporation to take, land for a public use, which has previously been appropriated by legislative authority to a different public use.  *Boston Water Power Co.* v. *Boston & Worcester Railroad*, 23 Pick. 360.  *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420, 577.  *Cary Library* v. *Bliss*, 151 Mass. 364, 379.  But it will not be deemed to have done so unless its intention so to take such land is plainly manifested in the statute.  *Housatonic Railroad* v. *Lee & Hudson Railroad*, 118 Mass. 391.  *Providence & Worcester Railroad* v. *Norwich & Worcester Railroad*, 138 Mass. 277.  *In re Buffalo*, 68 N. Y. 167.  *People* v. *Thompson*, 98 N. Y. 6, 11.  *New Jersey Southern Railroad* v. *Long Branch Commissioners*, 10 Vroom, 28.  We are therefore brought directly to the question on which the decision of this case must turn, whether, by the St. of 1884, c. 271, the Legislature intended to authorize a taking of land on the border of Farm Pond which had already been properly procured for a public use by the plaintiff corporation.

Section 2 of this chapter provides, among other things, that the defendant corporation "shall have all the rights which belong to the town of Framingham, and the inhabitants thereof . . . to take, use, and hold of the waters of Farm Pond and Sudbury River . . . so much as may be necessary for the purposes specified in section one, . . . and may also take and hold, by purchase or otherwise, all necessary lands for raising, diverting, flowing, and holding said waters, and securing and preserving the purity of the same, and such other lands in said town of Framingham as may be necessary to construct and maintain one

or more storing and distributing reservoirs," and may do many other specified things; "and in general may do any other acts and things necessary, convenient, or proper for carrying out the purposes of this act." The Legislature must be presumed to have been familiar with the situation and use of the lands about Farm Pond. At the time of the passage of the statute referred to, the waters of the pond had been taken by the city of Boston for a public use, and the entire shore of the pond had been purchased or taken, and was then held, for a public use, either by the city of Boston, or by the plaintiff corporation, or by the Boston and Albany Railroad Company, except a small portion which was owned by the last mentioned company, and which was not suitable for the defendant's pumping station. Nothing is expressly stated in the statute in regard to taking property which was then held for a public use, but the right to do this was necessarily involved. The water of the pond could be taken only by diverting it from the city of Boston, which was then drawing it for the use of its inhabitants. No suitable place for a pumping station or a filtering gallery could be taken on the shore of the pond without taking it from a corporation which was then holding it for a public purpose. Doubtless it would have been possible for the defendant to erect its pumping station at a distance from the pond, and to draw the water out through a conduit, but even then it would have been necessary to construct the conduit across land which was held for a public use, and it would have been difficult and expensive so to construct the works, and very difficult, if not impossible, to provide a filtering gallery there.

In considering what was the intention of the Legislature in regard to taking the plaintiff's land, the use to which it was then being put must not be overlooked. While it was properly procured and rightly held for the accommodation of the plaintiff's growing business at the station, it was not necessary to the enjoyment of the plaintiff's franchise, and was not then actually being used at all. The rights intended to be given by the statute are not the same in reference to this land as in reference to land over which the main tracks of the railroad are laid. It may well be held that this statute does not go far enough to authorize the taking of land without which the plaintiff could

not operate its railroad.  *Boston Water Power Co.* v. *Boston &
Worcester Railroad*, 23 Pick. 360.  But the case last cited is an
authority which decides that, by mere implication and without
express statement, the Legislature may be held in a given case
to have authorized the taking of land held by a corporation for
a public use where the taking does not seriously interfere with
the enjoyment by the corporation of its franchise.  In the pres-
ent case the judge found that the land taken is not indispensa-
bly necessary for the purposes of the plaintiff, and the plaintiff's
conduct in consenting to the erection of the defendant's works,
and in permitting them to remain there a long time without ob-
jection, shows the same thing.  The judge found at the trial,
that the place selected by the defendant for its pumping station
was the most suitable and proper place for it, although it would
not have been impracticable to put it elsewhere.

In view of all the circumstances, we are of opinion that the
statute authorized the defendant to take the plaintiff's land for
the public use to which it is now being put.

The right to cross the plaintiff's tracks to gain access to this
land was also properly taken.  If the land had been conveyed to
the defendant by a deed from the plaintiff, the defendant would
have had a way of necessity by implication.  If a right of way
over the location of the railroad to gain access to this land can-
not be taken under any other provision of the statute, it can
under the last clause of the section above quoted.

The provision for compensation for the land taken is sufficient.
It is precisely the same as that contained in the Pub. Sts. c. 112,
§97, in reference to land taken for a railroad, except that the
selectmen of the town are made the tribunal to determine the
sufficiency of the security, instead of the county commissioners.
Under the constitutions of several of the states, and probably
under the decisions of the courts in some others, this provision for
compensation would not be held sufficient, and a statute of this
kind would be unconstitutional.  But in this Commonwealth
the law is settled differently.  *Brickett* v. *Haverhill Aqueduct
Co.* 142 Mass. 394.  *Woodbury* v. *Marblehead Water Co.* 145
Mass. 509.  *Bigelow* v. *Union Freight Railroad*, 137 Mass. 478.
See also *Cushman* v. *Smith*, 34 Maine, 247 ; *Pittsburgh* v. *Scott*,
1 Penn. St. 309 ; *Rubottom* v. *M' Clure*, 4 Blackf. 505.

*Bill dismissed.*