## BOSTON AND ALBANY RAILROAD COMPANY *vs.* CITY COUNCIL OF CAMBRIDGE.

Middlesex.   March 19, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Certiorari — Taking Land already devoted to Public Use — Eminent Domain.*

The general words of a statute conferring power upon a city to "take and hold by purchase or otherwise any and all such real estate and lands within said city as it may deem advisable," and to "lay out, maintain, and improve the same as a public park or parks," are not intended to authorize the taking in fee of lands already devoted to public use as parts of the actual location of a railroad; and, the land being taken by metes and bounds, with all the buildings and structures thereon, without any exception, reservation, or proviso, the contention that by the taking the city has only a conditional fee, subject to the use of the land by the railroad for railroad purposes, and that the city, in whatever way it may use the land, has not interfered, does not intend to interfere, and will never interfere with the use of the land by the railroad for railroad purposes, cannot be maintained.

PETITION, for a writ of certiorari to the City Council of Cambridge, commanding it to certify and cause to be removed to this court the record of its proceedings in reference to an alleged taking by it of the petitioner's land within the lines of its location for a public park, conformably to the provisions of St. 1892, c. 341, § 1, as amended by St. 1893, c. 337, § 1.

The case, which was heard on the petition, the certificate of the respondent, and an agreed statement of facts, and at the request of the parties reserved by *Barker*, J. for the consideration of the full court, is stated in the opinion.

*W. Hudson*, for the petitioner.

*G. A. A. Pevey*, for the respondent.

BARKER, J.   While the Legislature may authorize the taking for a public use of property already appropriated to a different public use, and such authority may be given without an express statement that the property was already so appropriated, the Legislature will not be deemed to have given such authority unless its intention so to do has been plainly manifested.   *Old Colony Railroad* v. *Framingham Water Co.* 153 Mass. 561, and

cases cited.  Applying these principles, we are of opinion that the respondent was not authorized to take for a public park the land within the location of the petitioner's railroad, which the order of January 25, 1894, purported to take.  The order described this land and other lands by metes and bounds, and declared that, for the purpose of improving the same as a public park or parks, the city in pursuance of the authority conferred by the Legislature took the described land, with all the buildings and structures thereon.  The authority conferred by the Legislature was given by St. 1892, c. 341, § 1, amended by St. 1893, c. 337, § 1, in this language:

" The city of Cambridge, by its city council, at any time after the passage of this act, may take and hold, by purchase or otherwise, any and all such real estate and lands within said city as it may deem advisable, upon the recommendation of the board of park commissioners hereinafter mentioned, and may lay out, maintain, and improve the same as a public park or parks.  The fee of such real estate and lands shall vest in said city."

As applied to the petitioner's land, this order, describing the land by metes and bounds, and declaring that the land with all buildings and structures thereon was taken, and containing no exception, reservation, or disclaimer under which the petitioner's right to use the land as a railroad was recognized, would, if valid under the statute, vest in the city the fee of the land, and would devest the petitioner of all title, ownership, or right to use the land.  The result would be to deprive the petitioner of a section of its railroad necessary to the enjoyment of its franchise.  The general words of the statute, conferring power to " take and hold by purchase or otherwise any and all such real estate and lands within said city as it may deem advisable," and to " lay out, maintain, and improve the same as a public park or parks," were not intended to authorize the taking in fee of lands already devoted to public use as parts of the actual location of a railroad, any more than to authorize the taking of the court houses, the jail, or the house of correction, and the lands of the county of Middlesex under the same, also situated within the city.

The respondent contends that by the taking the city has only a conditional fee, subject to the use of the land by the petitioner

for railroad purposes, and that the city, in whatever way it may use the land, has not interfered, does not intend to interfere, and will never interfere with the use of the land by the petitioner for railroad purposes. The answer to this contention is, that the land is taken by metes and bounds, with all the buildings and structures thereon, without any exception, reservation, or proviso, and the fee which, if valid, the taking would vest in the city, is·not conditional, but absolute.

So far as the respondent's order purports to deal with land which is in fact within the location of the petitioner's railroad, the order is void, and to that extent it is to be quashed.

> *Writ of certiorari to issue, and the order of the respondent to be quashed so far as it purports to take the petitioner's location.*