EDGAR F. WHITMAN & others *vs.* INHABITANTS OF NANTUCKET.

Bristol. December 9, 1896. — September 10, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Eminent Domain* — " *Land not clearly held in its Entirety by any known Person or Persons* " — *Statute* — *Compensation for Damages* — *Constitutional Law.*

The intention of St. 1895, c. 442, entitled " An Act to authorize the town of Nantucket to take the island of Muskeget, or certain portions thereof, for public purposes," was not to empower the selectmen to take any land held in its entirety by a clear title by any known person or persons, but to empower them to take any specific part or all of the land of the island which was not clearly held in its entirety by any known person or persons.

The St. of 1895, c. 442, entitled " An Act to authorize the town of Nantucket to take the island of Muskeget, or certain portions thereof, for public purposes," is adequate in its provisions for compensation; and it is constitutional.

PETITION IN EQUITY, under Pub. Sts. c. 27, § 129, filed February 25, 1896, by ten taxable inhabitants of the town of Nantucket, to restrain it from the payment of any money in the

carrying out of the provisions of St. 1895, c. 442, entitled " An Act to authorize the town of Nantucket to take the island of Muskeget, or certain portions thereof, for public purposes." The case was reserved by *Allen*, J., on the bill, demurrer, answer, and an agreed statement of facts, for the determination of the full court.

*H. N. Shepard*, for the petitioners.

*W. C. Wait*, for the respondent.

FIELD, C. J. It is contended on behalf of the petitioners that the taking described in the petition is unauthorized by St. 1895, c. 442, because the agreed facts show that an undivided fractional part of the island was held by a clear title by the Muskeget Island Club, and it is also contended that said statute is unconstitutional because it contains no adequate provision for the determination and payment of damages to those persons whose property has been taken.

St. 1895, c. 442, § 1, empowers the selectmen, on being authorized so to do by a vote of the town, to " take by purchase or otherwise any part, or the whole if deemed advisable by said board of selectmen, of the land not held by a clear title, of the island of Muskeget, for a public park." By the agreed statement of facts it appears that prior to 1692 the entire fee of the island belonged to Matthew Mayhew, who by his deed, executed and acknowledged on July 20, 1692, and recorded August 3, 1692, conveyed the island in fee to six persons. The Muskeget Island Club is the owner in fee of certain undivided parts of the island which have been derived from Nathaniel Starbuck, one of the six grantees of Matthew Mayhew. In regard to the other undivided parts, it is agreed that " the title to the other undivided interests in the island is derived largely by inheritance from Mayhew's grantees other than said Starbuck, and it is very difficult to ascertain or to state all who are the present owners of the remaining undivided interests, and so far as known no one has so ascertained them."

We think that the intention of the statute was not to empower the selectmen to take any land held in its entirety by a clear title by any known person or persons, but to empower them to take any specific part or all of the land of the island which was not held by a clear title in its entirety by any known

person or persons. The fact, then, that certain undivided parts of the whole island were held by a clear title by the Muskeget Island Club, while the other undivided parts were held by persons who largely had derived them by inheritance from the grantees in Mayhew's deed of 1692 other than Starbuck, and whom, so far as is known, no one had ascertained, and whom it would be very difficult to ascertain, makes, in our opinion, a case within the statute of "land not held by a clear title," which the selectmen were empowered to take if authorized so to do by a vote of the town. The selectmen may purchase, if they choose, the undivided parts held by a clear title, or may take them, but in order to acquire a clear title in fee to the whole land taken they must take the undivided parts of unascertained persons.

The third section of the statute of 1895 is as follows: " The town of Nantucket shall pay all damages sustained by any person or corporation by reason of such entering upon and taking, such damages to be agreed upon by said board of selectmen and the person or corporation injured; and if the parties cannot agree, a jury may be had to determine the same, in the same manner as a jury is had and damages are determined in the case of persons dissatisfied with the estimate of damages sustained in the laying out of highways: provided, that no suit for such damages shall be brought after the expiration of three years from the date of the recording of the entering upon and taking of such land; and provided, further, that such jury shall not be chosen from the county of Nantucket." Muskeget Island is a part of the town and county of Nantucket. St. 1887, c. 88. We think that the provision for damages contained in the statute of 1895, taken in connection with St. 1887, c. 50, is to be construed as authorizing the person injured by the taking, if he cannot agree with the selectmen upon the damages, to apply to the Superior Court for the county of Bristol for a jury to have his damages determined. Such a provision is adequate. *Brickett* v. *Haverhill Aqueduct Co.* 142 Mass. 394. *Old Colony Railroad* v. *Framingham Water Co.* 153 Mass. 561.

These are the only objections argued in the brief for the petitioners. Without considering whether the petition was not prematurely brought, we are of opinion that it should be dismissed.                                                    *So ordered.*