EDWARD H. ELDREDGE *vs.* COUNTY COMMISSIONERS
OF NORFOLK.

Suffolk.   January 18, 19, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Way.   County Commissioners.*

A petition for the laying out of a private way under Pub. Sts. c. 189, §§ 19–28, over
land situated entirely in one town, may be. made to the county commissioners
and is not required by § 25 of the same chapter to be made to the selectmen,
that section being merely permissive.
Upon a petition under Pub. Sts. c. 189, §§ 19–28, (R. L. c. 195, §§ 17–25,) the county
commissioners may lay out a private way, to connect with a quarry, over land
of a railroad company acquired for railroad purposes outside the limits of its route
under St. 1895, c. 356, (R. L. c. 111, §§ 92–96.)

PETITION, filed March 26, 1900, for a writ of certiorari to
quash the proceedings of the county commissioners of Norfolk
County in laying out a private way, to give access to a quarry,
on the petition of one Neil McNeil, under Pub. Sts. c. 189,
§§ 19–28.

The case came on to be heard before *Braley*, J., who, at the
request of the parties, reserved it for determination by the full
court upon the following questions: " 1. Did the county com-
missioners of Norfolk County have original or concurrent juris-
diction to lay out a private way under the petition of McNeil?
2. Did the commissioners have authority to lay out a private
way under Pub. Sts. c. 189, over the land so located by the
Old Colony Railroad Company as aforesaid?" The land re-
ferred to was situated entirely in the town of Braintree, and
was purchased by the Old Colony Railroad Company for a
gravel pit. If either question was answered in the negative,
the writ was to issue. If both questions were answered in the
affirmative, the petition was to be dismissed.

*F. T. Benner*, for the petitioner.

*T. W. Proctor*, for the respondents.

KNOWLTON, C. J. The respondents, acting officially under
the Pub. Sts. c. 189, §§ 19–22, laid out a private way, on the
application of one McNeil, to give access to his quarry. The

petitioner asks for a writ of certiorari to quash their proceedings, on the ground, first, that inasmuch as the premises are situated entirely in one town, the application should have been to the selectmen under § 25; and secondly, that, since the way passes for a considerable distance over land owned by the Old Colony Railroad Company and located by the corporation under the St. 1895, c. 356, the respondents had no jurisdiction to lay it out.

Section 20 of the chapter first mentioned provides that a party desiring to make such improvements "shall file a petition therefor with the county commissioners" etc., while § 25 says that when the premises mentioned in § 19 are situated entirely in one town or city, "the petition may be made to the selectmen or mayor and aldermen thereof," etc. The petitioner contends that in the last named section the word "may" means "must." If the different parts of the statute had all been originally enacted at one time, there would be considerable ground for the petitioner's contention. But the sections from nineteen to twenty-four of this chapter were first passed as the St. 1855, c. 104, and have subsequently appeared as Gen. Sts. c. 148, §§ 19–24; Pub. Sts. c. 189, §§ 19–24; R. L. c. 195, §§ 17–22. Under the original act jurisdiction was given to the county commissioners alone. By the St. 1857, c. 292, permission was given to commence proceedings before the selectmen or mayor and aldermen when the premises were situated entirely in one town or city, and this provision has since appeared without material change in the Gen. Sts. c. 148, §§ 25–28; Pub. Sts. c. 189, §§ 25–28, and R. L. c. 195, §§ 23–25. The terms of this additional act were plainly permissive and not mandatory, and they leave the original act with no limitation of the powers conferred by it. The subsequent provisions were not intended to change the existing legislation, and the application in the present case might be made to the county commissioners or to the selectmen, at the option of the applicant.

The next question is whether a way can be laid out under this statute over land of a railroad company outside of the location of the line of its road, five rods in width, but within a location for railroad purposes under St. 1895, c. 356 (R. L. c. 111, §§ 92–96).

It is a general rule that land acquired under the right of eminent domain for a public use cannot be appropriated to a different public use which is inconsistent with that to which it was first appropriated, unless the intention of the Legislature so to appropriate it is plainly expressed. *Old Colony Railroad* v. *Framingham Water Co.* 153 Mass. 561. *Boston & Albany Railroad* v. *Cambridge*, 166 Mass. 224. But where the new use is not necessarily inconsistent with the old one, authority to take for the new use may be inferred from slight indications of intention. *Boston* v. *Brookline*, 156 Mass. 172. *Old Colony Railroad* v. *Framingham Water Co., ubi supra.* In *Boston* v. *Brookline* it was held that the town of Brookline, under the general laws, might lay out a way over land taken and held by the city of Boston for the line of its aqueduct. The doctrines stated in that case and the cases there cited fully cover the case at bar.

The law has long recognized the right of the public to lay out ways across railroads. Gen. Sts. c. 63, § 57. Pub. Sts. c. 112, § 125. R. L. c. 111, § 130. *Boston & Albany Railroad* v. *Boston*, 140 Mass. 87. Under all these statutes the county commissioners have been the tribunal to determine when and how this right of the public should be exercised. The reason for permitting its exercise over lands which are located by the company outside of the line of the railroad for incidental uses, and which are subject to taxation because these uses are not so strictly public as that of the railroad itself, are stronger than the reasons for permitting ways across railroads.

This statute authorizing such improvements has stood without limitation for nearly fifty years. It contains ample provisions for compensation for those whose property is damaged by proceedings under it. We are of opinion that it gives authority to lay out a way over land located for railroad purposes outside of the location of the railroad itself.

*Petition dismissed.*