ATTORNEY GENERAL *vs.* MANUEL ANDREW.

Middlesex.    March 11, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Civil Service*, Heads of principal departments.    *Sealer of Weights and Measures.*
    *Words*, "Principal departments."

The department of the sealer of weights and measures of the city of Cambridge, who in 1909 had under him two deputy sealers, whose duties were as set forth in R. L. c. 62, §§ 19–32, and who, according to an ordinance of the city, was to "have general control and supervision of all the public scales in the city, and . . . annually . . . make a full report of all matters pertaining to his department with an inventory of all property of the city in his charge," was not a "principal department" of the city, and therefore the sealer was not exempted from the operation of the rules of the civil service commission by the provision of R. L. c. 19, § 9, which so exempts "heads of principal departments . . . of a city"; and since, by the rules of the commission, "sealers and deputy sealers of weights and measures" belong to the classified service and whenever there is a vacancy in such service the appointing officer must make requisition upon the commission for the names of eligible persons, one whom the mayor of Cambridge

appointed to the office of head of the "sealer of weights and measures department" without making requisition upon the commission, was not entitled to that office.

INFORMATION in the nature of quo warranto, filed on December 8, 1909, in the Superior Court by the Attorney General at the relation of the civil service commissioners, to try the title of the respondent to the office of sealer of weights and measures of the city of Cambridge.

The case was heard upon the pleadings and an agreed statement of facts by *Richardson,* J., and by him was reported to this court for determination.

It appeared that under the seventh rule of the civil service commission, class 6 of the "official service" was "sealers and deputy sealers of weights and measures, and gaugers in the service of the Commonwealth or of any city thereof"; and that Rule 21 required "Whenever there is a vacancy to be filled in the classified service, the appointing officers shall make requisition upon the commission for the names of eligible persons."

Chapter 1, § 16, of the ordinances of the city of Cambridge created departments, among them "Sealer of Weights and Measures Department," and provided, "each of the several departments shall be under the charge and management of the officers or boards designated in the respective chapters relating thereto, all to be under the general supervision and control of the mayor." Chapter 22, § 1, provided, "The sealer of weights and measures department shall be under the charge of the sealer of weights and measures. The department shall consist of a sealer of weights and measures, and two deputy sealers of weights and measures, who shall hold their respective offices for the term of one year from the first day of April in the year of their appointment, subject to removal at any time by the mayor and aldermen." Chapter 22, § 2, provided, "The sealer of weights and measures shall have general control and supervision of all the public scales in the city, and in case of his absence or inability to perform his duties from any cause, the senior deputy sealer shall exercise said duties. Annually in the month of December he shall make a full report of all matters pertaining to his department with an inventory of all property of the city in his charge."

On April 13, 1909, the mayor of Cambridge, without making any requisition upon the civil service commissioners, appointed the respondent to be sealer of weights and measures of that city, his appointment was duly confirmed by the board of aldermen, and he assumed office on April 21 and was holding it at the time of the bringing of this information.

*D. Malone*, Attorney General, *& F. T. Field*, Assistant Attorney General, for the plaintiff.

*J. F. Aylward*, (*F. M. Phelan* with him,) for the defendant.

LORING, J.    It is provided by R. L. c. 19, § 9, that "heads of principal departments of the Commonwealth or of a city" (among others) shall be exempt from the civil service rules.

The reason for the exemption is plain: The selection of the heads of those departments of the Commonwealth or of a city which correspond to the cabinet officers of the President of the United States, stands on a different footing from that of subordinates and clerks.    See in this connection *Attorney General* v. *Trehy*, 178 Mass. 186; *Attorney General* v. *Douglass*, 195 Mass. 35.

It is not the head of every department of a city who is within this exemption.    The exemption is confined to the "heads of principal departments."    There are some twenty-six departments created by the ordinances of the city here in question. They are not all of them "principal departments."

In our opinion the "sealer of weights and measures department" is not one of the "principal departments" of this city. The duty to be performed by that department is a ministerial one, namely, to determine the accuracy of scales and measures. See *Moneyweight Scale Co.* v. *McBride*, 199 Mass. 503, 514. The persons who make up this department are three in number. In no sense is it a "principal" department of this city.

The entry must be

*Judgment of ouster.*