HARRY W. ROBERTSON *vs.* COMMISSIONER OF CIVIL SERVICE.

Essex. March 18, 1927.— May 19, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Civil Service. Lawrence. Municipal Corporations,* Officers and agents. *Words,* "Officer."

One, elected by the city council of Lawrence under an ordinance adopted in 1925 as superintendent of a municipal garage and charged with its custody and control subject to the control of the director of finance and the regulations of the ordinance, was neither an officer nor the head of a principal department of the city under its charter, St. 1911, c. 621, Part II, § 40, and therefore was not, under G. L. c. 31, § 5, exempt from civil service rules.

PETITION, filed in the Supreme Judicial Court for the county of Essex on August 3, 1926, and described in the opinion, for a writ of mandamus.

The petition was referred to an auditor and was heard by *Wait,* J., upon the pleadings and the auditor's report. Material facts found by the auditor are stated in the opinion. The single justice found the facts as found by the auditor, ruled that the petitioner was not the head of a department as alleged in the petition, ordered the petition dismissed, and reported the case to the full court for determination.

*J. P. Kane,* for the petitioner.

*A. K. Reading,* Attorney General, *& S. H. Lewis,* Assistant Attorney General, for the respondent, submitted a brief.

SANDERSON, J. This is a petition for mandamus to compel the defendant, as commissioner of civil service, to authorize the petitioner's appointment as superintendent of the municipal garage in Lawrence and the payment to him of salary or compensation therefor.

In 1925 the city council of Lawrence passed an ordinance establishing a municipal garage department which provided, among other things, that the city council should elect a superintendent of the garage at a stated salary who should

be charged with its custody and control subject to the control of the director of finance and the regulations of the ordinance. It was further provided that the superintendent should have the care of all automobiles or trucks owned by the city, the custody and dispensing of all gasoline, oils and other supplies and accessories used by the city, and that he should cause to be kept a record of the time when all cars enter and leave the garage and the amount of gasoline, oil and all other supplies and accessories used by each car. All cars and trucks owned by the municipality were to be repaired at the garage under the direction of the superintendent, and he was required to cause a record to be kept of the time consumed and materials used in the repair of each vehicle, and to submit monthly statements to the several departments.

After the adoption of the ordinance, the petitioner was elected superintendent of the garage by the city council, and entered upon the duties of that office. Thereafter the commissioner of civil service raised the question of the legality of his employment by notices and orders to certain city officials. The case was referred to an auditor who found that the petitioner had assumed full charge of the garage and conducted its business without dictation or interference by any one, except that he had certain conferences with the mayor, who is director of the financial department, as to the charges which should be made to the several city departments for work done and supplies furnished at the garage, and as to the employment of some of the persons who work under him, and, in certain cases, as to the purchase of gasoline and tires. The superintendent makes requisitions on the purchasing agent for supplies for the garage and approves bills for such purchases and signs payrolls for that department. He also tests cars after the work on them is finished and in emergencies does work himself. The mayor looks over bills for purchases and examines the payrolls.

A justice of this court found the facts to be as stated by the auditor, ruled that the petitioner was not the head of a department, as alleged in the petition, ordered that the petition be dismissed and reported the case upon the plead-

ings, findings of fact and rulings, for determination by the full court.

The contention of the petitioner is, that he is an officer elected by the city council, and also the head of one of the principal departments of the city, and, for those reasons, not subject to civil service rules.

It is provided in G. L. c. 31, § 5, as amended by St. 1923, c. 130, in part, as follows: "No rule made by the board shall apply to the selection or appointment of any of the following: . . . officers elected by the people or, except as otherwise expressly provided in this chapter, by a city council . . . heads of principal departments of the Commonwealth or of a city . . . ."

Under Civil Service Rule 4 "Superintendents," with certain exceptions not here material, are included in the classification of offices and positions subject to the civil service law and rules. The fact that the ordinance provides for the election of the superintendent does not necessarily make him an officer within the meaning of that word in the statute. See *Attorney General* v. *Tillinghast*, 203 Mass. 539, 542, 544. There is a well recognized distinction between an officer and an employee. The term "officer" implies the delegation of a portion of the sovereign power to and the possession of it by the person filling the office. *Brown* v. *Russell*, 166 Mass. 14, 25. *Attorney General* v. *Drohan*, 169 Mass. 534. *Attorney General* v. *Trehy*, 178 Mass. 186. *Attorney General* v. *Douglass*, 195 Mass. 35. *Garvey* v. *Lowell*, 199 Mass. 47. *Attorney General* v. *Tillinghast, supra. Attorney General* v. *Andrew*, 206 Mass. 46.

It is evident from the provisions of the ordinance and the findings of the auditor that the petitioner cannot be held to be an officer within the meaning of the statute and the civil service rules.

It is provided in the charter of the city of Lawrence, St. 1911, c. 621, Part II, § 40, that "The administration of all affairs of the city shall be divided into five departments," one of which is the department of finance and public affairs. It is therein further provided that "Every official or board having to do with the affairs of the city, with the exception of

such as pertain to the school committee, shall be included in one of the above five departments." The exemption from civil service rules does not extend to heads of all departments but only to heads of principal departments. *Attorney General* v. *Andrew, supra.* See *Attorney General* v. *Trehy, supra,* page 194. By the terms of the ordinance creating the garage department, it is made a part of the department of finance. It is clear from the terms of the ordinance, as well as from the nature of the duties required to be performed by the superintendent, that he cannot be held to be the head of one of the principal departments of the city. See *Attorney General* v. *Trehy, supra.*

Our conclusion is that, inasmuch as the petitioner is not an officer and is not the head of a principal department, the order dismissing the petition must be affirmed; and it is

*So ordered.*