JAMES S. REARDON *vs.* DIRECTOR OF CIVIL SERVICE.

Suffolk. February 6, 1945. — May 2, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*School and School Committee. Civil Service. Boston.*

The position held by the chief schoolhouse custodian elected by the school committee of Boston under its rules and statutory powers is "appointive" and subject to the civil service under G. L. (Ter. Ed.) c. 31, § 3, as amended; the custodian is not the head of a principal department of the city within § 5, as amended.

PETITION, filed in the Superior Court on August 1, 1944, for a writ of mandamus.

The case was heard by *Baker*, J.

In this court the case was submitted on briefs.

*J. G. Bryer*, for the petitioner.

*C. A. Barnes*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondent.

QUA, J. This petition is brought under G. L. (Ter. Ed.) c. 31, § 39, to compel the respondent to authorize the employment of the petitioner as schoolhouse custodian in Boston and the payment of his salary. The Superior Court "denied" the petition. This seems to have been intended as a final judgment dismissing the petition, and we so construe it. The petitioner appeals. G. L. (Ter. Ed.) c. 213, § 1D, as inserted by St. 1943, c. 374, § 4.

It is provided by St. 1906, c. 318, § 1, as last amended by St. 1932, c. 231, § 1, that, in addition to certain other officers specifically mentioned, the school committee of Boston "may also elect and remove such other subordinate officers not specifically provided for by law as they may deem expedient." The committee by rules now incorporated in "Rules and Regulations of the Public Schools, 1935" has provided for a schoolhouse custodian (Rules, c. 1, § 2), who, "when duly elected by the school committee, shall have tenure of office during good behavior and effi-

ciency" (§ 4). He is "the executive officer of the school committee in all matters relating to the care ,and custody of land and buildings used for school purposes, and the administration building" (c. 7, § 125). He has power, subject to the approval of the school committee, to appoint, transfer and remove custodians and may make temporary appointments when necessary, without applying to the school committee (§ 127). He may suspend any custodian and then report the action to the school committee (§ 128). . The civil service rules made under the authority of G. L. (Ter. Ed.) c. 31, § 3, as amended, provide in Rule 4 for a "Class 1" consisting of superintendents, including deputies and executive officers, with some exceptions not here material, and for a "Class 24," consisting of janitors, custodians, and persons employed in the care of schools, or other public buildings. General Laws (Ter. Ed.) c. 31, § 15, as amended, provides that, with some exceptions not here material, no person shall be appointed or promoted to any position in the classified civil service. except upon requisition and certification from an eligible list. On May 3, 1944, the school committee purported to elect the petitioner to the position of schoolhouse custodian without requisition and certification. The respondent caused his salary to be stopped. G. L. (Ter. Ed.) c. 31, § 38. The question to be decided is whether the position is one within the classified service.

It is plain that the position is an "appointive" position in the government of a city of the Commonwealth and. is therefore the kind of position which the civil service commission had power to classify. G. L. (Ter. Ed.) c. 31, § 3, as amended. The position is none the less "appointive" within the meaning of this section because the appointment takes the form of an election by a board like the school committee. *Attorney General* v. *Trehy,* 178 Mass. 186. The position has been classified, either in "Class 1" or in. "Class 24"; it is immaterial which. And it has been. so classified, whether it is properly described as an office or is merely an employment. See G. L. (Ter. Ed.) c. 31, § 3, as amended; § 5, as amended; § 43; *Brown* v. *Russell,*

166 Mass. 14, 15; *Attorney General* v. *Tillinghast,* 203 Mass. 539, 544.

The petitioner seems to rely mainly upon the contention that the schoolhouse custodian is the head of a principal department of the city and is therefore exempted by G. L. (Ter. Ed.) c. 31, § 5, as amended, from being classified in the civil service. But it is too plain for prolonged discussion that this position, owing its existence and continuance solely to the school committee, is not itself a principal department of the city of Boston. It is merely a subordinate position in the school department. And certainly one occupying this position cannot claim to be the head of the school department. *Attorney General* v. *Trehy,* 178 Mass. 186, 194–195. *Attorney General* v. *Douglass,* 195 Mass. 35, 39. *Attorney General* v. *Andrew,* 206 Mass. 46. *Robertson* v. *Commissioner of Civil Service,* 259 Mass. 447. *Reynolds* v. *McDermott,* 264 Mass. 158, 164.

The school committee attempted to appoint the petitioner to a classified position without obeying the civil service law. The petition was rightly dismissed. *Kenney* v. *McDonough,* 315 Mass. 689, 693.

*Judgment affirmed.*