TOWN OF NEEDHAM & others *vs.* COUNTY COMMISSIONERS OF NORFOLK.

Suffolk. December 7, 8, 1948. — May 2, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Way,* Public: establishment, taking. *Eminent Domain,* Validity of taking, Taking of property already in public use. *Parks. Municipal Corporations,* Parks. *Certiorari. Practice, Civil,* Appeal.

No appeal lay to this court under § 1D, inserted in G. L. (Ter. Ed.) c. 213 by St. 1943, c. 374, § 4, from an order for judgment in certiorari proceedings.

No appeal lay to this court under G. L. (Ter. Ed.) c. 231, § 96, from an order for judgment in certiorari proceedings where the case was heard, not solely upon the return of the respondents, but also on pertinent and competent oral evidence bearing upon the jurisdiction of the re-

spondents respecting action sought to be quashed: the order appealed
from was not an "order decisive of the case founded upon matter of
law apparent on the record."

It was unlawful for county commissioners to take for the purposes of a
relocation of a highway in a town substantial portions of a park and
of two commons, which, if not held by the town as parks under G. L.
(Ter. Ed.) c. 45, had been at least dedicated to the use of the public
or appropriated to such use without interruption for a period of twenty
years, where it appeared that approval of the taking by the board
having control of public parks was not obtained, that the town did
not give its consent, that no public notice was given stating the extent
and limits of the portions proposed to be taken, and that therefore the
consent of the town could not be presumed as provided in G. L. (Ter.
Ed.) c. 79, § 5.

The quashing, upon certiorari, of a relocation by county commissioners
of a highway in a town by reason of the unlawful inclusion in the lands
taken therefor of substantial portions of a park and commons, was of
the relocation as an entirety because it could not be determined whether
the commissioners would have approved of the relocation without such
lands or what alterations in the remainder of the relocation their omis-
sion would have made necessary.

PETITION, filed in the Superior Court on April 21, 1948, by
the town of Needham for a writ of certiorari.

Twenty-four taxpayers and residents of the petitioner
town were permitted to intervene as petitioners.

The case was heard by *Good*, J.

*H. Guild*, (*A. Lawson* with him,) for the respondents.

*H. W. Hardy*, Town Counsel, for the town of Needham.

*E. W. Hadley*, (*M. W. Cohen* with him,) for the inter-
veners.

QUA, C.J. This petition for a writ of certiorari was
brought by the town of Needham to quash an order of the
county commissioners dated April 2, 1946, purporting to
"relocate" Highland Avenue in said town, increasing its
width by about twenty feet, awarding damages amounting
in all to $19,119 to more than ninety abutters for land
taken, and ordering that all the expense of the "relocation,"
including land damages, as well as expenses of construction,
be paid by the town. Twenty-four abutters were allowed
to intervene as petitioners.

In the Superior Court the judge made an order that
judgment enter quashing the action of the commissioners.

The commissioners appealed from this order for judgment.

This case is not here under the form of appeal provided by G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. That section provides for an appeal from a "final judgment," with substantially the effect of an appeal from a final decree in equity, but it makes no provision for an appeal from an order for judgment. See *Shemeth* v. *Selectmen of Holden*, 317 Mass. 278, 282; *Reardon* v. *Director of Civil Service*, 318 Mass. 173. The only statute under which an appeal from an order for judgment could be entertained is the appeal provided for proceedings at law by G. L. (Ter. Ed.) c. 231, § 96. This section permits appeal in three specified instances only, one of which is from "any order decisive of the case founded upon matter of law apparent on the record." When concurrent jurisdiction over certiorari, mandamus and some other matters was first conferred upon the Superior Court by St. 1939, c. 257, § 1, inserting §§ 1A and 1B into c. 213 of the Tercentenary Edition of the General Laws, express provision was made in § 1B for reports to this court, and doubtless cases could also come here on exceptions under the very broad provisions of G. L. (Ter. Ed.) c. 231, § 113 (amended in respects not here material), but a question existed as to whether an appeal under c. 231, § 96, was open in such cases. See discussion in *Codman* v. *Assessors of Westwood*, 309 Mass. 433, 434–435. Subsequently, however, in a mandamus proceeding, this court entertained an appeal under § 96 from an order sustaining a demurrer. *Clement* v. *Selectmen of Westwood*, 316 Mass. 481. Such an order also constitutes one of the three instances in which an appeal can be had under § 96. We therefore assume that a certiorari proceeding could come here under § 96 on appeal from "any order decisive of the case founded upon matter of law apparent on the record." But the order from which appeal is here attempted is not such an order. In the Superior Court the case was not heard solely upon the return of the respondents. The judge heard oral evidence bearing upon

the jurisdiction of the commissioners to take certain of the lands taken. That evidence was pertinent and competent. *Marcus* v. *Street Commissioners of Boston*, 252 Mass. 331, 333. *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486. *Morrissey* v. *State Ballot Law Commission*, 312 Mass. 121, 124–125. The order for judgment of the trial court may have been, and probably was, founded wholly or partly upon findings made upon that evidence. It therefore does not appear to have been an "order decisive of the case founded upon matter of law apparent on the record." *Harrington* v. *Anderson*, 316 Mass. 187, 191. The appeal is not properly here.

Inasmuch, however, as the same final result (quashing of the order of the county commissioners) would have been reached if the case had come here on appeal from a final judgment under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, we think it proper to state briefly the reasons which would have led us to that conclusion.

It appears from the return that among the lands taken were areas varying from six hundred thirty square feet to fourteen thousand three hundred sixty-three square feet from three school house lots, the lot on which stands the public library, the land in front of the town hall known as "Needham Common," the land known as "Needham Heights Common," and land of the "Memorial Park," all belonging to the town of Needham. The town and the abutters who have intervened in the suit contend that the commissioners had no power to take these town lands, and therefore that the order of taking was invalid as a whole. The town and the interveners rely upon the principle that land appropriated to one public use cannot be diverted to another inconsistent public use without plain and explicit legislation to that end. *Higginson* v. *Treasurer & School House Commissioners of Boston*, 212 Mass. 583, 591. *Eldredge* v. *County Commissioners of Norfolk*, 185 Mass. 186. *Byfield* v. *Newton*, 247 Mass. 46, 57. *Bauer* v. *Mitchell*, 247 Mass. 522, 528. If we assume that strips could lawfully be taken from the school and library lots on the ground that

there was no interference with buildings and that the use of the land for the purposes to which it was first devoted was only slightly impaired (*Easthampton* v. *County Commissioners of Hampshire*, 154 Mass. 424; *Boston* v. *Brookline*, 156 Mass. 172, 175), no such justification exists for the taking of strips from the common and park lands, since the taking for a public way of any portion of land taken for or held as a park by a town under G. L. (Ter. Ed.) c. 45, without the approval of the board having control of the public parks, or of any portion of a common or park dedicated to the use of the public, or appropriated to such use without interruption for a period of twenty years, except with the consent of the town after public notice stating the extent and limits of the portion thereof proposed to be taken, is expressly forbidden by G. L. (Ter. Ed.) c. 79, § 5. There was ample evidence to warrant a finding that these common and park lands, if not held as parks under c. 45, as to which we express no opinion, had been at least dedicated to the use of the public or appropriated to such use, as commons or parks, without interruption for a period of twenty years. See *Lowell* v. *Boston*, 322 Mass. 709, 730. We think this is true of "Memorial Park," as well as of the two commons, even though "Memorial Park" had been originally acquired as a memorial to soldiers, sailors, and marines under St. 1920, c. 292. And we think that the respondents' return is fairly to be construed as showing that approval of the taking by the board having control of the public parks was not obtained; that the town did not give its "consent"; that no public notice was given stating the extent and limits of the portions proposed to be taken; and that therefore the consent of the town could not be "presumed" as provided in said § 5.[1]

If the case were properly before us, we would feel obliged to hold that the failure to make a successful taking of the three parcels of common or park lands rendered the entire

---

[1] "Such consent shall be expressed by a vote of the inhabitants, if ten or more voters file a request in writing to that effect . . .; in the absence of such request, consent shall be presumed." G. L. (Ter. Ed.) c. 79, § 5.

relocation of the way invalid. The attempted takings from these lands were in substantial amounts. They were separated from each other by considerable distances. To proceed with the remainder of the relocation without these takings would leave these parcels protruding into the relocated way. We cannot know whether the commissioners would have approved the project without these parcels or what alterations in the remainder of the relocation their omission would have made necessary. *Warren* v. *Street Commissioners of Boston*, 183 Mass. 119, 120–121.

*Appeal dismissed.*