ERNALD A. MONTANARI vs. DIRECTOR OF CIVIL SERVICE.

Hampden.    November 6, 1969. — December 23, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Municipal Corporations*, Officers and agents.

Under the ordinances of a city, the personnel policy board charged with
the duty of establishing "impartial and uniform personnel policies
applicable to all city employees," and not the personnel director charged
with the duty of "administering the city's personnel policies as es-
tablished by the personnel policy board," was the head of the personnel
department within G. L. c. 31, § 5.

PETITION filed in the Superior Court on January 15, 1965.

The case was heard by *Pillsbury*, J.

*John J. O'Connor*, Associate City Solicitor, for the peti-
tioner.

*Walter H. Mayo, III*, Assistant Attorney General, for the
respondent.

WILKINS, C.J.   This is a petition for a writ of mandamus
under G. L. c. 31, § 39,[1] as amended by St. 1939, c. 238, § 42,
to compel the respondent Director of Civil Service to au-
thorize the appointment or employment of the petitioner
as personnel director of the city of Springfield, and to
authorize the payment to him of compensation.   The
Superior Court ordered that the compensation accruing to
him should be paid to him as personnel director until
otherwise ordered.   After hearing, the judge in the Superior
Court made findings and rulings, and ordered judgment

[1] "Any person found by the director to be illegally appointed or employed
may file a petition for a writ of mandamus in the supreme judicial or superior
court to compel the director to authorize such appointment or employment,
and the payment of compensation or salary therefor.   At any time after the
petition is filed the court, if of opinion that there is reasonable doubt whether
the appointment or employment of such person is in violation of the civil
service law or rules, may order that the compensation accruing to such per-
son for services actually rendered shall be paid to him until otherwise ordered
by said court."

dismissing the petition. The petitioner appealed. G. L. c. 213, § 1D (as amended through St. 1957, c. 155).

The petitioner was appointed personnel director by the mayor on October 13, 1964. The respondent in 1965 notified the city that in his opinion the petitioner's appointment violated c. 31 and the Civil Service Rules.

The sole issue is whether the petitioner as personnel director is "head of a principal department of the city." If so, the mayor was under no duty to comply with the civil service statute and rules. G. L. c. 31, § 5.

We summarize or quote material parts of the Revised Ordinances of Springfield (1963), which, in our opinion, go far toward deciding the case.

The personnel department is composed of a personnel policy board, a personnel director, a job analyst, and such other administrative assistants as may be necessary from time to time to perform the work of the department. § 2–98.[1]

"The personnel director shall have the duty and responsibility of efficiently and impartially administering the city's personnel policies as established by the personnel policy board to the best interest and mutual benefit of the city, its employees and the taxpaying public, and shall supervise and direct the activities of the personnel department. He shall attend all meetings of the personnel policy board and shall serve as meeting secretary . . . ." § 2–100.

"The personnel policy board shall establish and maintain impartial and uniform personnel policies applicable to all city employees . . . . It shall make all reports or recommendations that are made from the personnel department to the city council. It shall formulate and activate a uniform sick-leave plan for all city employees . . . [and] an employee grievance procedure . . . . The decision of the

---

[1] We summarize certain findings of the judge. Since a 1955 reorganization of the personnel department there has been only one significant change in the ordinances. In 1963 the requirement that the personnel director's appointment by the mayor be "subject to the confirmation of the city council" was eliminated. The change was thought to be necessitated by Springfield's adoption of a Plan A type government which requires that "all heads of departments" be appointed by the mayor without city council confirmation. G. L. c. 43, § 52.

board in such matters shall be final and binding on all parties. It shall review, from time to time, job classifications and job relationships, and the compensation applicable thereto, and a fair rate scale established for all positions, including those of department heads. . . . In all cases where additional help is requested by a department head, the board shall direct the personnel director to investigate and render a report thereon, and the board, after full and complete investigation, including hearings thereon, shall either recommend or refuse to recommend the employment of such additional help. It shall consider and study the adoption of a contributory group life insurance plan for city employees. It shall formulate and activate a policy for department heads to follow in the granting of leaves of absence . . . and with the personnel director's approval secured before granting of such leaves. It shall formulate and activate an effective accident prevention and job orientation program to reduce the accident experience and resulting workmen's compensation costs." § 2-103.

"No new office, position or employment, nor any increase in the compensation or change in the classification of any existing office, position or employment, or for the performance of any duty, shall be authorized unless and until the personnel policy board . . . submits a formal report to the city council . . . ." § 2-104.

"The personnel policy board shall make an annual wage and salary survey . . . . A report of the results of said survey, with a recommendation, shall be made to the mayor and city council . . . ." § 2-104.1.

A careful reading of the ordinance satisfies us that the personnel director is subordinate to the personnel policy board, and that the more important duties are entrusted to the board. As the judge warrantably decided: "When the personnel department, with all of its divisions and functions is thus considered as the department, the petitioner cannot claim to be its head. The establishment and maintenance of all personnel policies, the making of all reports or recommendations that are made from the personnel department to

the city council, the formulation and activation of all plans and procedures and all reviews, studies and surveys required of the department under Article XIV are the sole duty and responsibility of the personnel policy board." The petitioner's "relationship to it [the board] is as meeting secretary and the person who transmits its reports and recommendations, prepares its manual of policies and practices, and investigates and reports to it on requests for additional help all as directed by the board."

The evidence and the lower court's findings make clear that the personnel policy board, and not the director, is the policy-making authority. The judge's conclusion that the petitioner was not the head of the personnel department considered as a principal department of the city was correct in law and warranted by the evidence. *Attorney Gen.* v. *Andrew,* 206 Mass. 46, 48. *Robertson* v. *Commissioner of Civil Serv.* 259 Mass. 447, 450. *Reardon* v. *Director of Civil Serv.* 318 Mass. 173, 175.

*Order for judgment affirmed.*

