ROYAL INDEMNITY COMPANY *vs.* FRANK PERRY & others.

Suffolk.    May 15, 1936. — December 2, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance*, Motor vehicle liability. *Equity Jurisdiction*, Reformation. *Equity Pleading and Practice*, Appeal, Decree.

The insurer in a policy of compulsory motor vehicle liability insurance was estopped under § 34B of G. L. (Ter. Ed.) c. 90 to deny that the effective date of the policy as stated in a certificate issued under §§ 34A, 34B, was its true date although through fraud of the insured the policy had been predated to a time before an accident in which the insured automobile was involved, and, under said § 34B and c. 175, § 113A (5), it could not maintain a suit in equity to reform the policy by giving it its true date and thus avoid liability to a person injured in such accident who had obtained a judgment against the insured.

Although, on an appeal by the plaintiff only from a final decree dismissing a suit in equity, this court could not correct the decree to include the allowance of a counterclaim to which the facts showed the defendant was entitled, leave was given to the trial court in its discretion to insert in the final decree after rescript a provision giving affirmative relief under the counterclaim, since the record showed that a new suit to enforce the defendant's claim would be barred by the statute of limitations.

BILL IN EQUITY, filed in the Superior Court on October 23, 1934.

The suit was heard by *T. J. Hammond,* J., by whose order a decree dismissing the bill was entered. The plaintiff appealed.

*E. J. Sullivan,* for the plaintiff.

*D. H. Fulton,* (*L. Rubin* with him,) for the defendants Salame and others.

LUMMUS, J.    The findings and reported evidence show the following facts. The defendant Perry did business under the name Granite Trucking Company, erroneously alleged in the bill to be the name of a defendant corporation. On January 1, 1933, Perry obtained a motor vehicle liability insurance policy from the Employers Liability Assurance Corporation, which enabled him to register his trucks under G. L. (Ter. Ed.) c. 90, §§ 1A, 34A–34J, and to obtain number plates therefor. That policy was duly cancelled by the insurer, by virtue of G. L. (Ter. Ed.) c. 175, § 113A, and provisions in the policy, on April 10, 1933. On April 14, 1933, Perry gave to the Roydon Burke insurance agency in Quincy $100 with which to reinstate the policy if possible, or else to procure a similar policy from some other company. The Employers Liability Assurance Corporation refused to reinstate the policy. On April 18, 1933, the agency obtained an oral promise from the plaintiff to issue such a policy to Perry, and asked Perry to call at the agency to sign the application for registration. Perry did not come in until April 25, 1933, at half past ten in the forenoon, when he signed the application, and did not disclose the fact that earlier in the forenoon one of his trucks had been involved in a collision. Thereupon the agency, having authority from the plaintiff to do so, gave a certificate in the name of the plaintiff under G. L. (Ter. Ed.) c. 90, §§ 34A–34C, that the plaintiff had issued to Perry a motor vehicle liability insurance policy effective April 25, 1933, at 12:01 A.M., which certificate was filed promptly with the registrar of motor vehicles, accompanying the application for registration. Registration followed on May 6, 1933.

In the meantime, at half past eight in the forenoon of

April 25, 1933, while driving without right on a public way in Quincy one of his trucks bearing the old number plates issued to him in January, 1933 (G. L. [Ter. Ed.] c. 90, § 34J), and before obtaining any new registration, Perry had injured with his truck the defendants Salame, Haddad and Ramo. These three persons in 1934 recovered judgments against Perry in actions of tort for bodily injury. They will be hereinafter called the judgment creditors.

The plaintiff, on July 28, 1933, cancelled its policy by virtue of G. L. (Ter. Ed.) c. 175, § 113A, and provisions in the policy. It retained the earned premium from the beginning of the term on April 25, 1933, to the date of cancellation, returning the balance to Perry. It never rescinded the policy for alleged fraud. But on October 23, 1934, anticipating suits by the judgment creditors to apply the insurance in satisfaction of their judgments, under G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10), the plaintiff brought this bill to reform the policy by changing the time when the policy became effective to a time subsequent to the time when the judgment creditors received their injuries. We may ignore the sustaining of a demurrer, for the case was heard on the merits and the final decree dismissing the bill with costs to the judgment creditors was based on the merits. The plaintiff appealed.

If this were a controversy between the plaintiff and Perry alone, his fraud in procuring, at a time when a probable loss had already occurred to his knowledge, insurance dated back so as to cover the time of the probable loss, would justify rescission or perhaps reformation of the policy. *Strangio* v. *Consolidated Indemnity & Ins. Co.* 66 Fed. (2d) 330. The situation resembles the taking of marine insurance upon a ship known to be lost (*Hoyt* v. *Gilman*, 8 Mass. 336; *Green* v. *Merchants' Ins. Co.* 10 Pick. 402; *General Interest Ins. Co.* v. *Ruggles*, 12 Wheat. 408; *M'Lanahan* v. *Universal Ins. Co.* 1 Pet. 170; *Insurance Co.* v. *Lyman*, 15 Wall. 664; *Pendergast* v. *Globe & Rutgers Fire Ins. Co.* 246 N. Y. 396; *Blackburn, Low & Co.* v. *Vigors*, 12 App. Cas. 531, 13 Eng. Rul. Cas. 514), or fire insurance upon a building known to be burned, burning, or in immediate

danger. *Bufe* v. *Turner*, 6 Taunt. 338. *Wales* v. *New York Bowery Fire Ins. Co.* 37 Minn. 106. *Springfield Fire & Marine Ins. Co.* v. *National Fire Ins. Co.* 51 Fed. (2d) 714. Compare *Mead* v. *Phenix Ins. Co.* 158 Mass. 124, 126; *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, 434. See also *Stipcich* v. *Metropolitan Life Ins. Co.* 277 U. S. 311.

But this is not a controversy between the plaintiff and Perry alone. The judgment creditors are made parties, and the reformation sought would, if granted, destroy their rights. The reformation has no importance and no purpose except to defeat the judgment creditors. The only substantial controversy is between the plaintiff and the judgment creditors.

The policy in question is not one voluntarily taken, under no compulsion of law, as to which the rights of a person injured are derived from the insured and can rise no higher than his. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 436. The injuries received by the judgment creditors were within the protection of that part of the policy which complied with the Massachusetts compulsory motor vehicle liability insurance law, and which covered liability for "bodily injuries . . . sustained during the term of said policy . . . and arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle . . . ." G. L. (Ter. Ed.) c. 90, § 34A. When the plaintiff gave the certificate that it had issued such a policy, effective at 12 : 01 A.M. on April 25, 1933, and the certificate was filed with the registrar of motor vehicles, the plaintiff became "estopped to deny the issue or execution of a motor vehicle liability policy . . . as set forth therein." G. L. (Ter. Ed.) c. 90, § 34B. *Caccavo* v. *Kearney*, 286 Mass. 480, 485. *Leonardo* v. *DeVellis*, 292 Mass. 239, 242, 244. The liability of an insurer under such a policy becomes "absolute whenever the loss or damage for which the insured is responsible occurs." G. L. (Ter. Ed.) c. 175, § 112. In this case, the loss or damage having already occurred, the liability became absolute as soon as the policy by which the plaintiff

assumed responsibility became effective. Perry was insured against liability "at the accrual of the cause of action" within G. L. (Ter. Ed.) c. 175, § 113, by relation back to that time. Under G. L. (Ter. Ed.) c. 175, § 113A (5), "no statement made by the insured or on his behalf, either in securing the policy or in securing registration of the motor vehicle or trailer covered thereby, no violation of the terms of the policy and no act or default of the insured, either prior or subsequent to the issue of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limit provided in the policy by a judgment creditor proceeding under the provisions of" G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10). The judgment creditors in the present case have the right to proceed under those statutes. They cannot be deprived of it by reformation of the policy. The bill was properly dismissed with costs.

The judgment creditors inserted in their answer the following: "The defendants further say that they have valid judgments for which this plaintiff is answerable and they respectfully pray that the court may by decree herein order the plaintiff to pay the same." This meager statement may not have complied with the requirement of Rule 32 of the Superior Court (1932) that "A counterclaim shall be stated in short and simple form and described clearly as by way of counterclaim." But the plaintiff filed no demurrer to this counterclaim and did not answer it, under Rule 26 of the Superior Court (1932). The counterclaim could have been taken for confessed upon motion. The judge in his findings and rulings treated the passage quoted from the answer as a counterclaim, although for some reason he failed to give the judgment creditors the relief upon it that his findings and his view of the law required. Obviously he did not intend to deny their right to enforce their judgments against the plaintiff. But on an appeal by the plaintiff only, we cannot correct the decree by making it more favorable to the judgment creditors, who did not appeal. *Kilkus* v. *Shakman,* 254 Mass. 274, 280. *New York Life Ins. Co.* v. *Embassy Realty Co. Inc.* 289 Mass. 528.

If, however, the judgment creditors should be denied affirmative relief in the present suit, they would be met in a new suit under G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10), by the defence that such suit was barred by the lapse of a year after judgment. G. L. (Ter. Ed.) c. 260, § 4. For this reason, leave is given to the court below in its discretion to insert in the final decree a provision giving affirmative relief to the judgment creditors. See *Westfield Savings Bank* v. *Leahey*, 291 Mass. 473, 477. The final decree should be modified by inserting a provision that it is without prejudice to any rights of the plaintiff against Perry or against L. Grossman Sons, Inc., which was named with Perry in the policy as the assured. Subject to the foregoing modifications the final decree is

*Affirmed with costs to the judgment creditors.*