DORA COOPERSTEIN *vs.* DAVID BOGAS & others.

Middlesex.    November 8, 1944. — December 5, 1944.

PRESENT: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Equity Jurisdiction,* To reach and apply. *Mortgage,* Of real estate: application to debt of mortgagee. *Personal Property,* Ownership. *Equity Pleading and Practice,* Bill, Inferences, Appeal, Decree.

Upon a bill in equity stating a case for relief by application to indebtedness of the defendant to the plaintiff of a mortgage note made by a third party and payable to the defendant, such relief could be granted under a general prayer although a special prayer sought only application of that defendant's interest "in and to the mortgage."

The security title of the mortgagee under a mortgage of real estate cannot be separated from the obligation secured thereby and reached and applied independently of such obligation in satisfaction of an indebtedness of the mortgagee.

Upon appeal in a suit in equity with a report of the evidence and findings by the trial judge, this court may draw proper inferences from the facts found by the judge and may find additional facts from the evidence.

From evidence and findings reported in the record on appeal in a suit in equity to reach and apply the defendant's interest in a mortgage note, this court drew the inference that an unrecorded assignment by him of the mortgage "and the note and claim secured thereby was a sham" and concluded that he was the sole owner of the note.

Upon appeal by the defendant in a suit in equity, where it appeared that the plaintiff, who did not appeal, was entitled to relief beyond that provided in the final decree, this court gave the trial court leave to make provision for such further relief in the decree.

BILL IN EQUITY, filed in the Superior Court on December 23, 1941.

The suit was heard by *Hanify,* J. Upon appeal the evidence was reported.

*H. C. Gow,* for the defendant Sarah Bogas.

*E. S. Farmer & A. S. Karff,* for the plaintiff, submitted a brief.

RONAN, J.   This is an appeal by Sarah Bogas, hereinafter called the defendant, from a final decree entered in a suit brought under G. L. (Ter. Ed.) c. 214, § 3 (7), by a creditor of the defendant, to reach and apply certain property alleged to belong to her in satisfaction of the plaintiff's claim. She also appealed from an interlocutory decree overruling a demurrer.

The bill alleged that the defendant Celia Baker in August, 1931, executed and delivered to her daughter, the defendant, a note for $7,000 secured by a second mortgage upon certain premises located in Everett, and that Baker in 1941 conveyed these premises subject to this mortgage to her granddaughter, the defendant Minnie Levine.   The bill contained a special prayer that "the interest" of the defendant "in and to the mortgage" be reached and applied in payment of her indebtedness to the plaintiff.   While the allegations of the bill might have been more specifically directed to the note, we think enough appears upon the face of the bill to bring the application of the note within the scope of the bill. The relief sought by the special prayer with reference to the application of the mortgage would not prevent the granting of relief under the general prayer by ordering the note to be applied in satisfaction of the plaintiff's claim.   *Bleck* v. *East Boston Co.* 302 Mass. 127.   *Manazir* v. *Dahood,* 302 Mass. 290.

It appears from the transcript of the evidence that Baker executed and delivered to the defendant the note and mortgage above mentioned, that Baker conveyed the mortgaged premises to Levine, and that the plaintiff had not been paid anything upon the amount owed her, which was represented by a judgment which she had obtained against the defendant.   There was evidence that the defendant had assigned this mortgage "and the note and claim secured thereby to my daughters, Rose Cohen, Minnie Levine and Ethel Bogas [afterwards Ethel Kahn]," and that the assignment was never recorded.   The defendant Levine, in answer

to an interrogatory propounded to her by the plaintiff, stated that she had the note and assignment. There was testimony that an attorney who had acted as counsel for Levine had gone to New York a week before the trial and obtained from the defendant this written assignment. Neither Ethel Bogas nor Levine testified. The plaintiff had attempted unsuccessfully to have a subpœna served on them. The judge made findings of fact to the effect that the defendant owed the plaintiff a certain amount and that the defendant was the owner and holder of record of the second mortgage for $7,000 on the premises described in the bill, and ruled that the unrecorded purported assignment of this mortgage by the defendant to her daughters was not valid against the plaintiff. He entered a final decree establishing the indebtedness of the defendant, and in a second paragraph providing that, in case she did not pay the plaintiff within twenty-one days, a special master was to be appointed to sell "all the property, right, title, and interest, legal and equitable" she had "in and to" the "mortgage in the sum of . . . $7,000," and directing the special master to apply the proceeds to the satisfaction of the plaintiff's claim after the payment of costs and expenses and to pay the balance, if any, to the defendant. This decree also ordered the bill dismissed as against David Bogas, Minnie Levine and Celia Baker, the remaining defendants.

The grounds of appeal are that the bill does not lie to reach and apply a debtor's interest in a mortgage on real estate, that the bill was not framed to reach and did not reach the note secured by this mortgage, and that the note could not be reached because the testimony shows that it was held by Levine as a holder in due course.

It is to be observed that neither the findings nor the final decree makes any mention of the note. It may be that the judge thought that the note was included in the word mortgage as he employed that term in the findings and the decree. We do not think, however, that the decree can be so construed. The mortgage was only an incident to the debt which it secured. The debt was evidenced by the note. A

mortgage on real estate transfers a title to the realty, *United States Trust Co.* v. *Commonwealth*, 245 Mass. 75; *Geffen* v. *Paletz*, 312 Mass. 48, but the title is defeasible upon the payment of money or the performance of some other condition for which the mortgage was given, *Depon* v. *Shawye*, 263 Mass. 206; *General Ice Cream Corp.* v. *Stern*, 291 Mass. 86, and the title held by the mortgagee cannot be separated from the note and applied independently of the note by a creditor of the mortgagee in payment of a debt of the latter, leaving the note outstanding as a valid obligation of the mortgagor to the holder of the note who might possibly be a person other than the mortgagee. It is for this reason that a creditor who is unable to reach the interest of his debtor in a note secured by a real estate mortgage cannot reach and apply the interest of the debtor in the mortgage itself. There was error in that portion of the second paragraph of the final decree that ordered that the interest of the defendant in the mortgage without mention of the note be applied in satisfaction of her indebtedness to the plaintiff. *Sanger* v. *Bancroft*, 12 Gray, 365. *Weinberg* v. *Brother*, 263 Mass. 61. *O'Gasapian* v. *Danielson*, 284 Mass. 27. *Clark-Wilcox Co.* v. *Northwest Engineering Co.* 314 Mass. 402.

The ownership of the note was one of the principal issues in the case. The defendant contends that the answer of Levine to the plaintiff's interrogatory that she had the note and assignment was conclusive upon the plaintiff because there was no evidence to contradict the answer. *Vozella* v. *Boston & Maine Railroad*, 296 Mass. 491. *Hoosac Tunnel & Wilmington Railroad* v. *New England Power Co.* 311 Mass. 667. The principle is inapplicable because there was evidence of the attorney already mentioned that the defendant turned over the assignment to him shortly before the trial. He testified in her behalf and produced the assignment at the trial. When asked at the trial if he asked the defendant "to procure the note back," he stated that he told her to get the papers and she told him that the defendant Ethel Bogas Hahn had them. This was evidence that Hahn had the note. The evidence of this attorney goes far in answering the defendant's contention that Levine was a holder of

the note in due course. It tended to show that the note was under the control of the defendant. The finding that the defendant was the owner of the mortgage was not plainly wrong. We have the right and duty to draw the proper inferences from the facts expressly found. *Malone* v. *Walsh*, 315 Mass. 484. *Distasio* v. *Surette Storage Battery Co.* 316 Mass. 133. We draw the inference from the finding as to the ownership of the mortgage, when considered with the other findings, that the assignment was a sham and that it did not carry with it a transfer of the note to any of the defendant's daughters. All questions of law, fact and discretion are open for our decision upon this appeal. We can from the evidence find for ourselves facts not expressly found by the judge. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176. *Counelis* v. *Counelis*, 315 Mass. 694. *O'Brien* v. *Pittsfield*, 316 Mass. 283. A careful examination of the evidence leads us to the conclusion that the defendant is the sole owner of the note. *Malone* v. *Walsh*, 315 Mass. 484. *Swinford* v. *Welch*, 316 Mass. 112.

The interlocutory decree is affirmed. The final decree must be modified by striking out the portion of the second paragraph that purports to grant relief by application of the mortgage alone to the payment of the defendant's indebtedness, a remedy not open under a creditor's bill. The plaintiff did not appeal. It is not open to her to ask for a decree more favorable to her. *Kilkus* v. *Shakman*, 254 Mass. 274. *Waitt* v. *Harvey*, 312 Mass. 384. But on the facts the plaintiff is entitled to relief by having the note and mortgage reached and applied in satisfaction of her claim. Leave is given to the Superior Court in its discretion to insert a new provision in the second paragraph of the final decree providing for the application of the note and the mortgage to payment of the amount owed to her by the defendant. *Beacon Oil Co.* v. *Maniatis*, 284 Mass. 574, 578. *Royal Indemnity Co.* v. *Perry*, 296 Mass. 149, 154.

                                        *So ordered.*