C. J. Hogan, Inc. *vs.* Atlantic Corporation & another.

Suffolk. October 8, December 27, 1954. — March 2, 1955.

Present: Qua, C.J., Lummus, Wilkins, Williams, & Counihan, JJ.

Payment. *Equity Jurisdiction,* Cancellation, Forfeiture. *Error,* Whether error harmful. *Equity Pleading and Practice,* Costs, Appeal. *Debt. Contract,* Construction.

A general payment on a debt should be applied first to satisfy the interest due and then to the principal. [326]

After the parties to mortgage notes had agreed upon a new and increased loan secured by a new mortgage, a part of the amount thereof to be applied by the creditor to discharge certain tax liens outstanding against the debtor, and the debtor had given a new note and the new mortgage but the creditor had wrongfully failed to make such application to obtain a discharge of the tax liens, the debtor was not entitled, in addition to cancellation of the new note and mortgage because of the creditor's nonperformance, to cancellation of the old notes and mortgages also by reason thereof. [326–327]

Error harmful to the plaintiff in the final decree in a suit in equity in that certain conduct of the defendant was not characterized as a conversion was not shown where the decree awarded the plaintiff damages at least as great as he could have secured for conversion. [327]

A plaintiff prevailing in a suit in equity to recover certain sums paid to the defendant was not entitled to an award for counsel fees incurred by the plaintiff in that suit. [327]

A party not appealing from a decree in a suit in equity cannot have the decree made more favorable to him on the opposing party's appeal. [327–328]

An agreement between debtor and creditor that a certain indebtedness should be "payable at the time that . . . [the debtor] would sell" specified property meant that payment should be made within a reasonable time. [328]

BILL IN EQUITY, filed in the Superior Court on August 21, 1952.

The suit was heard by *Pecce, J.*

*Maurice H. Kramer*, for the plaintiff.

*Maurice Tobey*, for the defendants.

WILKINS, J. The plaintiff, engaged in the trucking business, brings this bill in equity against Atlantic Corporation (hereinafter called the defendant), engaged in the finance business, and Rubin Epstein, its treasurer, seeking, among other things, the cancellation of promissory notes and the discharge of mortgages of personal property. The defendant's answer contains a counterclaim for the payment of certain of the promissory notes. From a decree hereinafter described the plaintiff appealed. The evidence is reported.

The judge made a report of the material facts found by him which we summarize. The plaintiff delivered to the defendant four promissory notes, payable to the defendant or order, secured by mortgages of personal property. Their dates and principal amounts are: May 2, 1946, $20,000; September 18, 1946, $3,366; January 2, 1947, $4,800; and May 9, 1947, $2,400. The notes bear interest at the rate of two per cent per month after maturity. On May 26, 1949, the director of internal revenue of the United States of America in this district filed tax liens against the plaintiff for $12,603.65 with penalties, interest, and costs. The plaintiff applied to the defendant for a new loan. After a

dispute as to the amount due on the notes they compromised the amount of principal as of May 3, 1952, at $7,621.86, payable on demand, and the amount of interest at $3,000, "payable at the time that C. J. Hogan, Inc., would sell its New York transportation and carriers license certificates and permits." They also agreed that the defendant would lend the plaintiff $23,200 to be applied as follows: $7,621.86 to discharge the indebtedness for principal; $4,700 for finance charges in connection with the new loan and mortgage; and $10,878.14 to discharge the tax liens. The defendant agreed, upon recording the discharges of the tax liens, to surrender the notes and to deliver discharges of the mortgages given in 1946 and 1947.

On May 3, 1952, the plaintiff executed and delivered to the defendant a note for $23,200, a mortgage of personal property securing the note, an assignment of all the capital stock of the plaintiff, and an assignment of certificates and permits issued to the plaintiff by the interstate commerce commission and the departments of public utilities of Massachusetts, Rhode Island, and Connecticut. The note was payable in 104 weekly instalments of $225 and bore interest at the rate of two per cent per month after maturity. The mortgage was duly recorded.

From May 16, 1952, to July 28, 1952, the plaintiff paid the defendant on account of the new note eleven instalments of $225 each, totaling $2,475. Early in July, 1952, an assistant attorney general of the Commonwealth on behalf of the division of employment security offered to accept $9,500 in full settlement of the plaintiff's tax indebtedness to the Commonwealth, and the chief field deputy in the office of the director of internal revenue offered to accept $1,180.09 in settlement of the plaintiff's tax indebtedness to the United States of America. These officials also promised the defendant discharges of the liens after payment of these sums.

In order to obtain discharge of a lien, a taxpayer must first pay the director of internal revenue who will then send the Commonwealth ninety per cent. The plaintiff

unsuccessfully tried to induce the defendant to make payment upon that basis. The defendant insisted upon other conditions for its protection. In July, 1952, the total indebtedness covered by tax liens could have been settled for $10,680.09. The defendant wrongfully refused to apply $10,878.14 or such part thereof as was necessary to discharge the tax liens.

There is due the defendant the sum of $7,621.86 and interest thereon at the rate of two per cent monthly from May 3, 1952, to August 14, 1953, amounting to $2,337.37.

There is due the plaintiff the sum of $2,475 with interest thereon at the rate of two per cent monthly from August 28, 1952, to August 14, 1953, "as damages suffered by it."

The final decree, as amended, as of October 2, 1953, ordered: (1) There is due from the plaintiff to the defendant $7,621.86 with interest thereon from May 3, 1952, at the rate of two per cent a month, amounting to $2,510.13, making a total of $10,131.99. (2) The plaintiff is indebted to the defendant in the sum of $3,000 for accumulated interest, this sum to become payable upon the sale by the plaintiff of its New York transportation and carriers license certificates and permits, the defendant in the meantime to retain all collateral held by it as security for this sum. (3) From the total amount due from the plaintiff to the defendant under (1) and (2) the plaintiff is entitled to a credit of $2,475 and interest thereon at the rate of two per cent monthly from August 28, 1952, amounting to $627, the total being $3,102. (4) The net amount due the defendant under (1) and (3) is $7,029.99, which the plaintiff shall pay within twenty-one days. Upon payment the defendant is to discharge the mortgages referred to in the bill of complaint, and to deliver up the mortgage notes and other security, but not the security referred to in (2). (5) For twenty-one days following entry of the decree no foreclosure proceedings shall be commenced. (6) The bill is dismissed as against the defendant Epstein.

We have experienced great difficulty in trying to under-

stand some of the plaintiff's contentions. We have endeavored to consider them all. Should we not refer to any point, it will be because we think that discussion is not merited.

1. The judge was not plainly wrong in finding that the amount of the plaintiff's indebtedness on the prior notes (which was in dispute, *Clark* v. *Gamwell,* 125 Mass. 428, 431) was compromised at $7,621.86 principal and $3,000 interest. The plaintiff's argument to the contrary is based in part upon computations made by an incorrect bookkeeping method. A general payment should be applied first to the amount of interest and any balance to the amount of principal. *Blair* v. *Travelers Ins. Co.* 291 Mass. 432, 438–439. The rate of interest, two per cent monthly, established in the notes, prevails until the date of the decree. *Brannon* v. *Hursell,* 112 Mass. 63, 69, 71. *Union Institution for Savings* v. *Boston,* 129 Mass. 82, 86, 96. *Pierce* v. *Boston Five Cents Savings Bank,* 129 Mass. 425, 434. *Bowers* v. *Hammond,* 139 Mass. 360, 361. *Lamprey* v. *Mason,* 148 Mass. 231, 234–235.

2. The argument is made by the plaintiff that there was error in failing to hold void the $23,200 note and mortgage of May 3, 1952, and other security for the note. The ground of this contention, in part at least, seems to be that there was something "fraudulent and unwholesome" about the defendant's failure to discharge the tax lien. The judge made no such finding, and we are unable to perceive how one in justice could be made. The decree in effect provides for the cancellation of this note and mortgage. On the findings, cancellation must rest on the ground that the contract of loan was not performed. The decree gives the plaintiff all to which it is entitled in this respect.

3. Another ground of alleged error advanced by the plaintiff is that the judge failed to order the discharge forthwith of the prior notes and mortgages. This seems to be in substance a demand for a decree, not favored in equity (*Eno Systems, Inc.* v. *Eno,* 311 Mass. 334, 338), providing for forfeiture of the property in these notes and mortgages to which

the defendant was entitled before the later transaction failed of performance. This contention is completely without merit. Merely because the defendant was found not to have performed the loan agreement did not render it an outlaw as to the previous notes which the plaintiff did not pay and which it is ordered to pay in this suit.

4. The plaintiff objects that the defendant was not described as a converter of the $2,475 in the findings and in the decree. If we understand the contention, the plaintiff seeks an allowance of interest following a supposed demand and refusal. The decree actually awards this sum of $2,475 with interest at two per cent monthly from August 28, 1952, to the date of the decree "as damages suffered by it." This is tantamount to an award of damages for conversion. We should expect interest to be awarded at the usual rate of six per cent and not twenty-four per cent. See *Scollans* v. *E. H. Rollins & Sons*, 179 Mass. 346, 355; G. L. (Ter. Ed.) c. 107, § 3. This question has not been argued, and where the defendant has not appealed, we need not discuss it. No error adverse to the plaintiff appears.

5. The plaintiff submits that it should have been awarded a reasonable sum for counsel fees incurred in the recovery of the $2,475 paid in instalments on the $23,200 note. These are counsel fees in this very suit brought to redress this and other alleged wrongs. The general rule that a litigant must bear his own expenses except to the extent his burden is mitigated by a statute awarding him taxable costs embraces counsel fees. *Commissioner of Insurance* v. *Massachusetts Accident Co.* 318 Mass. 238, 241. See *Goldberg* v. *Curhan*, *ante*, 310, where cases relied upon by the plaintiff are distinguished. We see no reason why the usual rule should not apply in this case, particularly where the decree was not wholly in the plaintiff's favor. See G. L. (Ter. Ed.) c. 261, § 13.

6. The defendant raises a question affecting the new final decree, which should provide for the payment of the balance due. *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 736. The defendant, which did not appeal,

rightly concedes that it cannot ask for a decree more favorable to itself. *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 577. *Royal Indemnity Co.* v. *Perry,* 296 Mass. 149, 153. *Cooperstein* v. *Bogas,* 317 Mass. 341, 345. *Schneider* v. *Armour & Co.* 323 Mass. 28, 31.

As we have seen, the judge, contrary to the contention of the plaintiff, found that the plaintiff was indebted in the amount of $3,000 for interest on the earlier notes. He found that this amount was to become payable upon the sale by the plaintiff of certain license certificates and permits, and the decree so provides with a right in the defendant to retain collateral. This provision could be a source of confusion in the debtor-creditor relationship which this suit was brought to determine. *Nigro* v. *Conti,* 319 Mass. 480, 484. *New England Factors, Inc.* v. *Genstil,* 322 Mass. 36, 45–46. It seems unlikely that the parties intended that this liability for money previously absolutely due should become wholly conditional at the option of the plaintiff upon the disposition of some of its property. *Cota* v. *Buck,* 7 Met. 588. If the words are taken literally, the event might never occur. It is generally held that an existing obligation does not lose its absolute character and become a conditional one just because a subsequent agreement of the parties postpones payment until the happening of some specified contingency wholly, or even partly, within the obligor's control. In such circumstances the cases are to the effect that payment is to be made within a reasonable time. *Nunez* v. *Dautel,* 19 Wall. 560, 562–563. *Richards* v. *Tavares,* 105 Cal. App. 261, 268. *Crooker* v. *Holmes,* 65 Maine, 195, 199. *Manfredi* v. *Manfredi,* 12 N. J. Super. 207, 213. *Taylor's Guardian* v. *Taylor,* 117 Vt. 399, 403. *Duncan Box & Lumber Co.* v. *Sargent,* 126 W. Va. 1, 4–5. Corbin, Contracts, § 636. 12 Am. Jur., Contracts, § 301. See *Simon* v. *Etgen,* 213 N. Y. 589, 595. Many cases are collected in 148 A. L. R. 1075. Here the agreement was, in effect, one to make payment of $3,000 within a reasonable time. See *Page* v. *Cook,* 164 Mass. 116, 117; *McCrillis* v. *L. Q. White Shoe Co.* 264 Mass. 32, 34. There is no con-

tention that a reasonable time has not expired, the plaintiff's position being that the money is not owed at all. We have examined the evidence and decide this fact according to our own judgment. *Cohen* v. *Santoianni,* 330 Mass. 187, 190–191. We find that this amount of $3,000 is now due.

The decree contains no item for interest on this amount, and the defendant does not, and cannot, ask for any before the new date of entry of the decree. *Boyer* v. *Bowles,* 316 Mass. 90, 95. For the same reason, we do not consider whether there was consideration for the defendant's forbearance. *Parrot* v. *Mexican Central Railway,* 207 Mass. 184, 194. Restatement: Contracts, § 76. Williston, Contracts (Rev. ed.) § 135.

7. The decree is to be modified by providing that the amount of $3,000 is presently due and payable and should be added to the obligation of the plaintiff in computing the balance due from it to the defendant. The collateral is, of course, to be surrendered upon payment. As so modified, the decree is affirmed, with costs of appeal to the defendant.

*So ordered.*