FRANCIS A. O'CONNOR *vs.* CITY MANAGER OF MEDFORD.

Middlesex.    February 14, 1979. — May 22, 1979.

Present: GRANT, ROSE, & DREBEN, JJ.

*Practice, Civil,* Appeal. *Civil Service,* Reassignment of personnel, Applicability of provisions. *Medford.*

On an appeal from an order denying a plaintiff's motion under Mass. R.Civ.P. 59(e), 365 Mass. 828 (1974), for major amendments of a judgment favorable to him which called in question the validity of municipal actions, this court found compelling circumstances warranting dismissal of the action even in the absence of a cross-appeal by the defendant city, and thus did not reach the question whether the denial of a rule 59(e) motion to amend a judgment could be appealed separately from the judgment to which it related. [616-619]

Statute 1974, c. 839, which authorized the city of Medford to establish an office of community development, did not preserve the status of an employee who had held civil service tenure in the position of executive director of a predecessor agency and who was appointed head of a division within the new agency. [619-621]

CIVIL ACTION commenced in the Superior Court on June 29, 1976.

The case was heard by *Geenty*, J., a District Court judge sitting under statutory authority.

The case was submitted on briefs.

*David Berman* for the plaintiff.

*Daniel F. Riley* for the defendant.

DREBEN, J. In this action brought under G. L. c. 31, § 46A (as in effect prior to St. 1978, c. 393, § 11), the trial judge, on a statement of agreed facts, ruled that the defendant, the city manager of Medford, had acted in violation of G. L. c. 31, § 43, as then in effect, in abolishing the plaintiff's position as head of the redevelopment division of the city's department of community affairs. The judge also ruled that the city council of Medford, by enacting an ordinance denying civil service benefits to the plaintiff and others, had exceeded its authority. A judgment remanding the matter to the defendant to conduct proceedings in conformity with G. L. c. 31, § 43, was entered on May 9, 1977. The plaintiff moved under Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), for amendment of the judgment so as to reinstate the plaintiff to his former position with back pay, and to delete the requirement of further proceedings. The motion to amend was denied on May 20, 1977, and the plaintiff appeals from that denial.

The plaintiff argues that our review is limited to the denial of his motion to amend the judgment, and that, in the absence of a cross appeal, we cannot review the judgment of May 9, or modify it, even if erroneous. We disagree and remand the case for dismissal of the action.

1. The denial of a motion under rule 59 is normally reviewable only in conjunction with an appeal of the judgment to which it relates. *Forte* v. *Muzi Motors, Inc.*, 5 Mass. App. Ct. 700, 701 n.4 (1977), and cases cited. 6A Moore's Federal Practice par. 59.15[1] and [4] (2d ed. 1974). 11 Wright & Miller, Federal Practice and Procedure § 2818 (1973). It is clear that had the plaintiff wanted us to review the judgment, he could have achieved that

result even if he had technically only appealed from the denial of the rule 59 motion. *Foman* v. *Davis*, 371 U.S. 178 (1962). *Livergood* v. *S. J. Groves & Sons Co.*, 361 F.2d 269 (3d Cir. 1966). *Peabody Coal Co.* v. *Local Union Nos. 1734, 1508 and 1548, UMW*, 484 F.2d 78 (6th Cir. 1973).

The plaintiff obviously does not wish us to review the favorable rulings of the lower court, and argues that a party who fails to appeal is not entitled, as of right, to more favorable treatment than was given in the court below. *M. L. Shalloo, Inc.* v. *Ricciardi & Sons Constr.*, 348 Mass. 682, 684 (1965). He claims that we are without jurisdiction to modify the judgment, that the Federal courts uniformly hold that, in the absence of a cross appeal, the judgment of a lower court even if erroneous will not be disturbed, and urges, citing *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975), that we are bound by the Federal precedents.

However, the rule cited is a rule of practice and not a limitation on the powers of appellate courts. *Langnes* v. *Green*, 282 U.S. 531, 538 (1931). In appropriate circumstances, the rule will not be followed. This is true in the Federal courts. *Tug Raven* v. *Trexler*, 419 F.2d 536, 548 (4th Cir. 1969), cert. denied sub nom. *Crown Central Petroleum Corp.* v. *Trexler*, 398 U.S. 938 (1970). *Arnold's Hofbrau, Inc.* v. *George Hyman Constr. Co.*, 480 F.2d 1145, 1150 (D.C. Cir. 1973). *United States* v. *United States Steel Corp.*, 520 F.2d 1043, 1052 (5th Cir. 1975), cert. denied sub nom. *United States Steel Corp.* v. *United Steelworkers of America*, 429 U.S. 817 (1976). *Hysell* v. *Iowa Pub. Serv. Co.*, 559 F.2d 468, 476 (8th Cir. 1977). See *In re Barnett*, 124 F.2d 1005 (2d Cir. 1942); 9 Moore's Federal Practice par. 204.11 [5] (2d ed. 1975); 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3904 (1976).[1] And, it is

---

[1] The powers of the Federal courts are supplemented by 28 U.S.C. § 2106 (1948), which provides, "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such

equally true in Massachusetts. *C. J. Hogan, Inc.* v. *Atlantic Corp.*, 332 Mass. 322, 327-328 (1955). See also *Beacon Oil Co.* v. *Maniatis*, 284 Mass. 574, 577-578 (1933); *Royal Indem. Co.* v. *Perry*, 296 Mass. 149, 154 (1936); *Cooperstein* v. *Bogas*, 317 Mass. 341, 345 (1944); *Schneider* v. *Armour & Co.*, 323 Mass. 28, 31 (1948).

We believe this case presents the compelling circumstances in which an appellate court can and should correct an erroneous judgment in the absence of a cross appeal. We therefore do not reach the question whether a denial of the rule 59(e) motion can be appealed alone and treat the plaintiff's appeal as bringing with it the May 9 judgment. *Carter* v. *Empire Mut. Ins. Co.*, 6 Mass. App. Ct. 114, 117 n.3 (1978). *Maryland Tuna Corp.* v. *MS Benares*, 429 F.2d 307, 317-318 (2d Cir. 1970).

In this action the judge has cast serious doubt on the validity of a municipal ordinance[2] and, as will be seen in part 2 of this opinion, has imposed restraints on municipal hiring which are not provided by law. In *C. J. Hogan, Inc.* v. *Atlantic Corp.*, 332 Mass. at 328-329, a judgment was modified on appeal because it could cause confusion among the parties to the litigation. In this action the impact of the judgment is obviously far wider and affects municipal hiring, a matter of public and taxpayer concern.

We note also that the plaintiff under the guise of an amendment is seeking what is, in effect, an entirely new judgment. The judgment of May 9, which remanded the matter for proceedings in accordance with G. L. c. 31, § 43, provided no assurance that the plaintiff would be reinstated in his position or would receive back pay, but

---

appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances." Massachusetts courts have equally broad powers where justice requires. See G. L. c. 231, §§ 124 and 125, as appearing in St. 1973, c. 1114, § 204.

[2] We note that the city was not a party to this action. See G. L. c. 231A, § 8.

left these questions to be determined in further proceedings. See *Gardner* v. *Lowell*, 221 Mass. 150, 154 (1915). However, the plaintiff would have us enter a judgment, far more onerous for the defendant, which orders reinstatement and back pay. He insists that such an order must be divorced from the question whether the plaintiff is entitled to civil service status.

We will not accede to the plaintiff's contention that we must blind ourselves to the fact that the May 9 judgment was erroneous. The plaintiff's position is entirely contrary to the spirit of the rules of civil procedure and is untenable. Our judicial system is not "a mere game of skill or chance" in which the judge is merely an "umpire." *In re Barnett*, 124 F.2d at 1010-1011. We will not permit the rules to subvert a just result, see 9 Moore's Federal Practice par. 204.11(5), at 948 & n.9, and will not, in these circumstances, limit our examination to the remedy prescribed where, as here, the plaintiff is entitled to none.

2. The trial judge ruled that under St. 1974, c. 839, the plaintiff kept his civil service status and, consequently, was entitled to the protections of G. L. c. 31, § 43. He also ruled that the city council in enacting an ordinance which purported to deny the plaintiff and others civil service status had exceeded its authority. We hold that St. 1974, c. 839, does not, under the facts of this action, preserve the plaintiff's civil service status and we therefore have no occasion to examine, let alone question, the validity of the ordinance.

The facts as taken from the statement of agreed facts and as found by the trial judge show that the plaintiff was executive director and secretary of the Medford Redevelopment Authority from September 5, 1972, to September 12, 1974. He had civil service tenure in that position. After the Medford Redevelopment Authority and two other agencies were abolished by St. 1974, c. 839, § 2, the plaintiff received a letter from the defendant advising him that, effective September 13, 1974, he was appointed

head of the redevelopment division of the office of community development of the city. The plaintiff remained head of that division until June 30, 1976, when the defendant abolished the position.[3]

The judge, relying on § 2 of the statute, ruled that the plaintiff was protected by G. L. c. 31. However, an analysis of the statute as a whole indicates that § 2 is not the only section relating to civil service status of employees, although it is the only section included in the statement of agreed facts.[4] Section 2 of St. 1974, c. 839, provides that all salaried employees of the abolished agencies "are hereby transferred to and made employees of the office of community development. At the discretion of the city manager, said employees shall not suffer reduction in their rank or compensation, or impairment of . . . their civil service seniority and other rights in the position held on the effective date of this act."

Section 3 provides for the appointment by the city manager of a director of the office of community development who "shall not be subject to the provisions of chapter thirty-one of the General Laws . . ." (the civil service provisions) or to the provisions giving tenure protection to veterans.

Section 4 provides that the city manager, after consultation with the director, shall "appoint" other officers and employees and also provides that "division heads" shall not be subject to the statutory civil service or protection for veterans provisions. The plaintiff was *head* of the redevelopment *division,* and specifically came within the § 4 exclusion from civil service.

---

[3] Civil service provisions do not, of course, preclude abolition or reorganization of departments. *McNeil* v. *Mayor of Peabody,* 297 Mass. 499, 503-504 (1937). *Power* v. *Secretary of the Dept. of Community Affairs, ante* 409, 415-416 (1979).

[4] Counsel were asked by the panel to submit their views in writing of the proper construction of § 2 in light of other sections of the act and in light of other statutes which specifically provide civil service protection for employees of abolished or reorganized agencies.

While the plaintiff concedes that division heads are expressly not subject to G. L. c. 31, he argues that § 4 is not applicable since he was "transferred" to his position under § 2 and was not "appointed" under § 4. We do not accept this argument. Sections 3 and 4 provide that the appointees to the policy-making positions of director and division heads of the new agency are not to be subject to G. L. c. 31. Section 4 makes no distinction between division heads who previously were employees of one of the abolished agencies and newly employed persons. It is unnecessary for us to decide whether, in the light of § 4, the city manager could under § 2 have exercised his discretion in favor of the plaintiff, a department head. We are satisfied that he did not and was not required to do so.

Section 3 and 4 are consistent with and further the purposes of civil service laws. Appointments to policy-making positions are not required to be made from the civil service lists (see G. L. c. 31, § 48, as appearing in St. 1978, c. 393, § 11; *Montanari* v. *Director of Civil Serv.*, 356 Mass. 514 [1969]) and persons of high office do not acquire the protections acquired by employees of lesser rank. We see no intent in c. 839 of St. 1974 to preserve the civil service status of persons who became division heads. The statute clearly provides the contrary. Compare St. 1956, c. 465, § 22, St. 1966, c. 735, § 6, and St. 1968, c. 761, § 14, where the Legislature showed its ability to use the language necessary to preserve civil service rights when it chose to do so.

Since the plaintiff is not covered by G. L. c. 31, the judgment is remanded to the Superior Court with directions to enter a new judgment dismissing the action.

*So ordered.*