## Robert L. Scott *vs.* Boston Housing Authority & another.[1]

No. 04-P-1442.

Suffolk. May 11, 2005. - October 5, 2005.

Present: Gelinas, Cypher, & Trainor, JJ.

*Practice, Civil,* Appeal, Proceeding after rescript, Interest. Attorney's fees. *Anti-Discrimination Law,* Damages, Attorney's fees. *Damages,* Under anti-discrimination law, Interest, Attorney's fees. *Interest.*

Where the defendants in a civil action failed to file a cross appeal from the judge's order on the plaintiff's motion regarding the calculation of interest on the plaintiff's damage award, they were not entitled to seek judgment more favorable than they had received in the trial court based on their contention that the judge's order violated Mass.R.A.P. 28, as amended, 378 Mass. 925 (1979), a contention that was, at any rate, without merit. [695]

In the circumstances of an action alleging age discrimination in employment based upon the defendant employer's failure to renew the plaintiff's employment contract, the judge correctly calculated prejudgment interest on the plaintiff's damage award from the date the action was commenced in Superior Court, correctly ordered that prejudgment interest be added to the principal damage award for purposes of calculating postjudgment interest, and did not abuse his discretion in declining to compound the interest on the plaintiff's damage award. [695-697]

Civil action commenced in the Superior Court Department on September 26, 1988.

Following review by this court, 56 Mass. App. Ct. 287 (2002), a motion for entry of judgment after rescript was considered by *Peter M. Lauriat,* J.

*Frederick T. Golder* for the plaintiff.

*Wilbur E. Commodore* for the defendants.

Gelinas, J. After we affirmed a judgment in favor of the plaintiff, Robert L. Scott, *Scott* v. *Boston Hous. Authy.,* 56 Mass. App. Ct. 287 (2002), the defendants sought further appel-

[1]Robert A. Firth.

late review, which was denied. See 438 Mass. 1108 (2003). Scott then moved in the Superior Court for (1) an award of prejudgment interest, to be calculated from the date on which the Boston Housing Authority (BHA) failed to renew his employment contract or, alternatively, from the date on which Scott filed his complaint with the Massachusetts Commission Against Discrimination (MCAD); (2) the compounding of any interest award; (3) the calculation of postjudgment interest on his judgment, to include the prejudgment interest; and (4) reasonable attorney's fees following the appeal. The defendants opposed Scott's motion, asserting that Scott had waived any interest-related claim by failing to raise the issue in his response to their initial appeal or, in the alternative, that any deviation from the Appeals Court's rescript would violate Mass.R.A.P. 28, as amended, 378 Mass. 925 (1979).

The judge allowed Scott's motion in part, ordering that prejudgment interest, at the statutory rate of twelve percent, be included in the judgment from the date Scott's complaint was filed in Superior Court. The judge added the prejudgment interest to the damage award and ruled that postjudgment interest, again at the statutory rate, should be added from the entry of final judgment until the judgment was satisfied. He also awarded attorney's fees in the amount of $5,100, and costs of $68.65 for the expenses Scott incurred in opposing the defendants' application for further appellate review and for bringing the motion for interest. The judge denied Scott's motion insofar as it sought (1) compounding of the interest and (2) an award from the date the BHA failed to renew Scott's contract or the date Scott filed his complaint with the MCAD. A "Final Judgment After Rescript" then issued, from which Scott now appeals in part. We affirm the decision of the Superior Court in all respects.

*Background.* Scott was a contract employee of the BHA whose contract expired in August of 1987. The BHA failed to renew Scott's employment contract. Scott alleged the failure to renew to be on account of his age, in violation of G. L. c. 151B. He filed a complaint with the MCAD in February of 1988, and on September 26, 1988, he filed the present action in the Superior Court.

After three trials over ten years, a jury awarded Scott

$173,000 in lost wages and benefits and $45,000 in emotional distress damages against the BHA, as well as $74,000 in lost wages and benefits and $19,500 in emotional distress damages against Robert A. Firth, Scott's supervisor at the BHA. The jury doubled these awards. After the jury's verdict, Scott sought an award of his attorney's fees and costs, and the court awarded him $121,875 in attorney's fees and $3,560.74 in costs. Final judgment entered in the Superior Court on July 3, 1998, and the defendants appealed. We affirmed the final judgment in all respects, and awarded Scott an additional $14,683 in attorney's fees and $200 in costs. Scott's subsequent motion as to interest, fees, and costs, which forms the basis for the present appeal, then ensued.

*Discussion.* On appeal, the defendants urge that we vacate the final judgment after rescript, asserting, as they did below, that Scott's failure to object in Superior Court, or to appeal the form of final judgment — which did not provide for any interest on the damages award — precludes him from seeking interest subsequent to the defendants' original appeal from the judgment on the jury verdict. The defendants further contend that the allowance of Scott's motion awarding interest modifies the original Appeals Court rescript, in violation of Mass.R.A.P. 28, which directs the clerk to prepare, sign, and enter judgment in accordance with the rescript.

As the defendants failed to file a cross appeal, we will not consider their arguments in this regard. Although a party who fails to appeal is entitled to defend a judgment on any ground asserted below, such a party is not entitled as of right to more favorable treatment than was given in the judgment of the court below. *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37, 43 & n.5 (1977). We have on occasion ordered judgment more favorable than was received below to a nonappealing party, see *O'Connor* v. *City Manager of Medford*, 7 Mass. App. Ct. 615, 616-618 (1979), but nothing in the facts presented here compels such action. In any event, any review of the defendants' arguments in this regard would lead to the conclusion that they are without merit.

In his appeal, Scott contends that the BHA's failure to renew his employment contract based on his age, in violation of G. L.

c. 151B, requires that prejudgment interest be calculated from August 28, 1987, the date of the BHA's failure to renew or, alternatively, from February 5, 1988, the date he filed his complaint with the MCAD. This argument lacks merit. General Laws c. 231, § 6B, as amended through St. 1982, c. 183, § 2, provides that "[i]n any action in which a verdict is rendered . . . for pecuniary damages for personal injuries to the plaintiff . . . there shall be added by the clerk of the court to the amount of damages interest thereon . . . from the date of commencement of the action . . . ." General Laws c. 231, § 6C, as amended through St. 1993, c. 110, § 224, provides that "[i]n all actions based on contractual obligations . . . interest shall be added by the clerk of the court to the amount of damages . . . from the date of the breach or demand" if such date is established.

With respect to awards for employment discrimination, prejudgment interest on a damage award is calculated from the date when the action is commenced in the Superior Court, not the filing of a complaint with the MCAD, see *Smith* v. *Bell Atl.*, 63 Mass. App. Ct. 702, 725-726 (2005), unless the MCAD itself determines, in its discretion, to add prejudgment interest to any damage award that it might make. See *Conway* v. *Electro Switch Corp.*, 402 Mass. 385, 390-391 (1988) (an award of prejudgment interest by MCAD is not made pursuant to G. L. c. 231, § 6B, but, rather, rests on the commission's broad authority to fashion appropriate remedies). Here, the MCAD made no such award.

Moreover, the wrongful conduct here was the BHA's failure to renew Scott's contract, which was not a breach of any contractual obligation. Scott's original employment agreement was fully performed, and the BHA was under no contractual obligation to renew his employment. The judge correctly determined that prejudgment interest here is to be calculated from September 26, 1988, the date on which Scott commenced his action in Superior Court. Further, the judge correctly ordered prejudgment interest to be added to the principal damage award for purposes of calculating postjudgment interest. See Reporters' Notes to Mass.R.Civ.P. 54(f), Mass. Ann. Laws Court Rules, Rules of Civil Procedure, at 858 (Lexis 2004); *Boston Edison Co.* v. *Tritsch*, 370 Mass. 260, 266 (1976).

Scott also urges that we find error in the failure of the judge to compound the interest on his award of damages. Whether to compound interest is within the sound discretion of the judge. See, e.g., *Sarrouf* v. *New England Patriots Football Club, Inc.*, 397 Mass. 542, 551 (1986) (construing G. L. c. 156B, §§ 92 and 95). While compounding interest may effectuate the "legislative purpose that each employee be free from discrimination in employment practices," *School Comm. of Brockton* v. *Massachusetts Commn. Against Discrimination*, 377 Mass. 392, 399 (1979), so too does a jury's ability, under G. L. c. 151B, § 9, to award multiple damages. As the judge observed, the statute's legislative ends were adequately served by the jury's doubling of Scott's award. There was no abuse of discretion.

*Conclusion.* The final judgment after rescript is affirmed. The parties shall bear their own legal fees and costs relating to this appeal.

*So ordered.*